# 203-15

ORIGINAL

No. PD-0203-15

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## AUSTIN, TEXAS

ALEX CRANK, II     APPELLANT, APPLICANT, PETITIONER

V.

THE STATE OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 26 2015

Abel Acosta, Clerk

## APPELLANT'S OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW

AUTHORIZED BY: WR-82,671-01

FILED IN
COURT OF CRIMINAL APPEALS
MAY 26 2015

Abel Acosta, Clerk

| | |
|---|---|
| COURT OF APPEALS No. 08-09-00109-CR<br><br>COURT OF APPEALS FOR THE EIGHTH JUDICIAL DISTRICT OF TEXAS | TRIAL CAUSE No. 2007-CR-10969 IN THE 227th JUDICIAL DISTRICT COURT OF BEXAR COUNTY, TEXAS<br><br>THE HONORABLE JUDGE PHILIP A. KAZEN, JR. |
| ORAL ARGUMENT ≠ IS WAIVED. | ALEX S. CRANK, II<br>T.D.C.J. #0155959/<br>POLUNSKY UNIT (TL)<br>3872 F.M. 350 SOUTH<br>LIVINGSTON, TEXAS<br>77351 |

I.

# NAMES OF PARTIES

1. HONORABLE JUDGE PHILIP A. KAZEN, JR. 227th JUDICIAL DISTRICT 101 W. NUEVA, SUITE 217, SAN ANTONIO, TX 78205; 335-2304.

2. BEXAR COUNTY DISTRICT ATTORNEY SUSAN REED, 300 DOLOROSA SAN ANTONIO, TX 78205 (210) 335-2311.

3. STATE PROSECUTING ATTORNEY, P.O. BOX 12405, CAPITOL STATION, AUSTIN, TX, 78711.

4. DANIEL KINDRED, P.O. BOX 808 HONDO, TX 78861 (210) 355-5315

5. JEFFERSON K. MOORE, 8438 FOUNTAIN CIRCLE, SAN ANTONIO, TX, 78229.

6. DEBORAH LETZ, 957 N. PAXTON ST., ALEXANDRIA, VA, 22304.

7. ANGELA MOORE, 101 W. NUEVA ST., STE. 310, SAN ANTONIO, TX 78205.

8. LORI OLENICK RODRIGUEZ MILLER (210) 379-4684 LORIOLENICK@gmail.com #90001869.

9. J. CHEVES LIGON, 3820 VITRUVIAN WAY #447, ADDISON, TX 75001.

10. APPELLANT, APPLICANT, PETITIONER, ALEX S. CRANK, II TDCJ #01559591, POLUNSKY UNIT, 3872 F.M. 350 SOUTH, LIVINGSTON, TEXAS, 77351.

# TABLE OF CONTENTS

PAGE # GROUND #

I. - COVER PAGE : PD-0203-15.

II. - NAMES OF PARTIES.

IV.-VII. - INDEX OF AUTHORITIES.

VIII. - STATEMENT REGARDING ORAL ARGUMENT.

IX. - STATEMENT OF THE CASE.

X. - STATEMENT OF PROCEDURAL HISTORY.

1.-5. - APPLICATION FORM.

6,7. - 1. - COURT'S IMPROPER DENIAL OF MOTION TO WITHDRAW.

8,9. - 2. COURT'S OVERRULING OBJECTION : DOUBLE JEOPARDY.

10,11. - 3. - COURT'S ABUSE OF DISCRETION; EXTRANEOUS OFFENSE.

12,13. - 4. - DEFICIENT COUNSEL : FAILURE TO EQUIP.

14,15. - 5. - DEFICIENT COUNSEL : FAILURE TO SUSTAIN MOTION.

16,17. - 6. - DEFICIENT COUNSEL : FAILURE TO CONFER.

18,19. - 7. - DEFICIENT COUNSEL : FAILURE OF JURY INSTRUCTIONS.

20,21. - 8. - DEFICIENT COUNSEL : FAILURE TO OBJECT, BURDEN/PROOF.

22,23. - 9. - DEFICIENT COUNSEL : FAILURE TO OBJECT, DEFAMATION.

24,25. - 10. - DEFICIENT COUNSEL : DISPARGEMENT OF DEFENDANT.

26,27. - 11. - DEFICIENT COUNSEL : FAILURE TO DEVELOP MOTIVE.

28,29. - 12. - DEFICIENT COUNSEL : FAILURE TO CROSS-EXAMINE.

30,31. - 13. - PROSECUTION'S PREJUDICIAL MISAPPROPRIATIONS.

32,33. - 14. - STATE'S EXCLUSION OF ACTUAL INNOCENCE EVIDENCE.

34,35. - 15. - STATE'S SUPPRESSION OF REQUESTED EVIDENCE.

36,37. - 16. - STATE'S SUPPRESSION OF CRIMINAL NEGLIGENCE.

38,39. - 17. - COURT'S THREATS AND INTIMIDATION.

40,41. - 18. - COURT BALIFFS' THREATS AND INTIMIDATION.

42,43. - 19. - STATE'S EXCLUSION OF REQUESTED EVIDENCE.

44,45. - 20. - VIOLATION OF RIGHT AGAINST SELF-INCRIMINATION.

46,47. - 21. - DEFICIENT APPELLATE COUNSELS' : FAILURE TO REVIEW.

48,49. - 22. - DEFICIENT APPELLATE COUNSELS' : FAILURE TO OBJECT, WITHDRAW.

50,51. - 23. - DEFICIENT APPELLATE COUNSELS' : INEFFECTIVE TRIAL COUNSEL.

52,53. - 24. - DEFICIENT APPELLATE COUNSELS' : FILING FRIVOLOUS BRIEF.

54,56. - 25. - APPELLATE COURT'S DISPOSITION OF FRIVOLOUS BRIEF.

56-58. - APPLICATION FORM.

59-89. - MEMORANDUM - ARGUMENTS TO SUPPORT PETITION.

90. - CERTIFICATE OF SERVICE.

91. - PRAYER OF ALEX S. CRANK, II.

92. - APPENDIX - ADOPTION BY REFERENCE.

93. - INMATE DECLARATION.

# INDEX OF AUTHORITIES

| AUTHORITY | ARGUMENT(s) # | PAGE(s) # |
|---|---|---|
| 1., 119 S.CT. 1307, 1315 (1999). | 20. | 81. |
| 2. ANDERS V. CA., 87 S.CT. AT 1400 (1967). | 21. | 83. |
| 3. BANKS V. REYNOLDS, 54 F.3d 1508, 1514 (10th Cir 1995). | 6. | 67. |
| 4. BELL V. STATE, 693 SW2d 434, 442 (Tex Crim App 1985). | 2. | 61. |
| 5. BENTON V. MD., 89 S.CT. 2056, 2062 | 2. | 62. |
| 6. BRADY V. MD., 83 S.CT. 1194, (1963). | 17, 18. | 78, 79. |
| 7. BUFKIN V. STATE, 207 SW3d 779 (TEX. Crim. APP 2006). | 4. | 64. |
| 8. CUYLER V. SULLIVAN, 100 S.CT. 1708 (1980). | 1, 8. | 59, 72. |
| 9. DAVIS V. STATE, 93 SW3d 664, 669 (Tex App Texarkana 2002). | 1, 21, 5, 15. | 59, 65, 77, 83. |
| 10. DE LA ROSA V. STATE, 901 SW2d 495, 498 (Tex App San Antonio 1997). | 5, 15. | 65, 77. |
| 11. DENT V. VA., 9 S.CT. 231 (1889). | 18. | 79. |
| 12. DOUGLAS, 83 S.CT. AT 816 (1963). | 24. | 88. |
| 13. DOYLE V. STATE, 631 SW2d 732, 738 (Tex. Crim. App. 1982). | 7. | 70. |
| 14. ELMORE V. STATE, 257 SW3d 257 (Tex App Houston [1st] 2008). | 7. | 70. |
| 15. EVITTS V. LUCEY, 105 S.CT. 830 (1985). | 24. | 87. |
| 16. EX PARTE WEBB, 270 SW3d 108, 111 (Tex Crim App 2008). | 21, 24. | 83, 87. |
| 17. GLASSER V. U.S., 62 S.CT. 457, 465 (1942). | 1, 18, 20. | 59, 79, 82. |
| 18. GRAY V. LYNN, 6 F.3d 265 (5th Cir 1993). | 6, 7, 9. | 68, 70, 73. |
| 19. HALPER, 109 S.CT. 1892, 1897. | 2. | 62. |
| 20. JACKSON V. VA., 99 S.CT. AT 2788-89 (1979). | 8. | 72. |
| 21. KING V. STATE, 29 SW3d 556 (Tex Crim App 2000). | 17. | 78. |
| 22. LANGS V. STATE, 183 SW3d 680, 682 (Tex Crim App 2006). | 2. | 61. |
| 23. LIGHT V. STATE, 15 SW3d 104, 105 (Tex Crim App 2000). | 17. | 78. |
| 24. LUCK V. STATE, 100 S.CT. 2171 (1980). | 21, 25. | 83, 89. |
| 25. MACK V. STATE, 872 SW2d 36, 38 (1994). | 3, 6, 17, 25. | 63, 68, 78, 79, 89. |
| 26. MARTINEZ, 132 S.CT. 1309, 1318 (2012). | 4, 6, 7, 23, 24. | 64, 67, 70, 85, 88. |
| 27. MARTINEZ, 132 S.CT. 1309, 182 L.Ed AT 282-286. | 21, 22, 23, 24. | 83, 84, 85, 88. |

IV.

# INDEX OF AUTHORITIES

| AUTHORITY | ARGUMENT(S) # | PAGE(S) # |
|---|---|---|
| 28. MARTINEZ V. STATE, 129 SW3d 101, 103 (Tex Crim App. 2004). | 2. | 61. |
| 29. MELENDEZ-DIAL V. MASS., 129 S. CT. 2527. | 6, 9. | 67, 73. |
| 30. PARSONS V. STATE, 191 SW3d 862 (Tex App. Waco 2006). | 7. | 69. |
| 31. PASSMORE V. ESTELLE, 607 F. 2d 662 (5th Cir 1979). | 1, 6. | 60, 67. |
| 32. POSEY V. STATE, 966 SW 2d 57, 69 (Tex Crim App. 1998). | 7. | 70. |
| 33. REAVES V. STATE, 970 SW 2d 111 (Tex App. Dallas 1998). | 7. | 69. |
| 34. RE WINSHIP, 90 S. CT. 1068 (1970). | 8. | 72. |
| 35. ROSS V. MOFFITT, 94 S. CT. AT 2447 (1974). | 17, 18. | 78, 79. |
| 36. SAXTON V. STATE, 804 SW 2d 910 (Tex Crim App. 1991). | 14, 25. | 76, 89. |
| 37. STATE V. PILKINTON, 7 SW 3d 291, 293 (Tex App. Beaumont 1999). | 17. | 78. |
| 38. STERNER V. STATE, 767 SW 2d AT 690. | 8. | 72. |
| 39. STRICKLAND V. WASH., 104 S. CT. 2052 (1984). | 6. | 67. |
| 40. TORRES V. STATE, 75 SW 3d 712, 714 (Tex App. Houston [14th] 1999). | 7. | 69. |
| 41. TREVINO V. THALER, 133 S. CT. 1911, 185 L. Ed 2d AT 1053-1055 (2013). | 4, 6, 7, 23, 24. | 64, 67, 70, 85, 88. |
| 42. U.S. V. WILLIAMS, 128 S. CT. 1830 (2008). | 8. | 72. |
| 43. WAINWRIGHT V. WITT, 105 S. CT. 844. | 17. | 78. |
| 44. WALTERS V. STATE, 247 S. W. 3d 204, 205, AT 220 (2007). | 14, 15, 19, 20. | 76, 77, 80, 82. |
| 45. WARD V. STATE, 740 SW 2d 794 (Tex Crim App. 1987). | 5. | 66. |
| 46. WATSON V. STATE, 204 SW 3d 404, 417. | 25. | 89. |

# INDEX OF AUTHORITIES

| GROUND(S) # | AUTHORITY | ARGUMENT(S) # | PAGE(S) # |
|---|---|---|---|
| 5,7,11,20. - | V.T.C.A. AGRICULTURE CODE § 76.112 ; - | 7. - | 15,19,27,44,70. |
| 3,4. - | MOTION IN LIMINE ; - | | 11,12. |
| 2,24. - | INDICTMENT # V0938P3195 ; | | 8,52. |
| 15. - | MOTION TO QUASH ; - | 2. - | 34,61. |
| 15. - | MOTION TO OBTAIN EVIDENCE FAVORABLE ; - | | 34. |
| 1,23 - | MOTION TO DISMISS APPOINTED COUNSEL ; - | | 6,51. |
| | | 1,15,22,23. - | 60,77,84,85. |
| 1,5,22,23,24. - | MOTION TO WITHDRAW ; - | | 6,14,48,50,51,52. |
| | | 1,5,15,22,23. - | 59,65,77,84,85. |
| 15. - | APPLICATION TO SUBPEONA WITNESSES ; - | | 34. |
| 10,21,22,23. - | MOTION FOR NEW TRIAL ; - | | 25,47,49,51. |
| | | 17,23,24,25. - | 78,85,87,89. |
| 21,22,23. - | MOTION SUPPLEMENT RECORD ; - | | 47,49,51. |
| | | 22,23,24,25. - | 84,85,87,89. |
| 21,22,23. - | 19-PAGE LETTER TO APPELLATE ATTORNEY ; | | 47,49,51. |
| | | 23,24. - | 85,87. |
| 22,23,25. - | COURT OF APPEALS' OPINION (PAGE 2) ; - | | 49,50,55. |
| | | 22,23,24. - | 84,85,89. |
| 25. - | COURT OF APPEALS' OPINION (PAGE 4) ; - | | 55. |
| | | 24. - | 87. |
| 24. - | 2007-CR-10969-W1 MEMORANDUM 11.(C) ; - | | 53. |
| 25. - | 2007-CR-10969-W1 MEMORANDUM 37.(M) ; - | | 55. |
| 10. - | SAN ANTONIO EXPRESS-NEWS (2-18-09) ; - | | 24. |
| 14. - | MOTION CHAP. 64 DNA EVIDENCE ; - | | 33. |
| | ANNO DOMINE 1837, PRESIDENT ANDREW JACKSON | | |
| | | 19. - | 80. |

# INDEX OF AUTHORITIES

| GROUND(s) # | AUTHORITY | ARGUMENT(s) # | PAGE(s) # |
|---|---|---|---|
| 23,24,25. - | APPELLANT'S BRIEF - | | 50, 51, 52, 54. |
| 24. - | FACTS/FINDINGS, CONCLUSIONS/LAW, PAGE, 8 (i), 2007-CR-10269-W1. - 52. | | |
| | | 1. - | 59, |
| | A.B.A. CODE PROF. RESP., DR 5-105, EC 5-15 (1976), AND A.B.A. PROJECT/STANDARDS CRIM. JUSTICE DEF. FUNCTION § 7.15 (b) (1971) - | | |
| | | 9. - | 73. |
| | BROOKS ARMY MEDICAL CENTER - MARCH 8, 1987. - | | |
| | | 5. | 65, |
| | TEX. CODE CRIM. PROC., ART. 1.05 - | 1. | 60, |
| | TEX. CODE CRIM. PROC., ART. 1.10 - | 2. | 62, |
| | TEX. CODE CRIM. PROC., ART. 26.0444(5) - | | |
| | | 5, 22. - | 65, 84. |
| | TEX. CODE CRIM. PROC., ART. 38.36 (a) (b) (2). - | | |
| | | 19. | 80. |
| | TEX. CODE JUDICIAL CONDUCT, CANON 2 B. - | | |
| | | 1. - | 59, |
| | TEX. CODE JUDICIAL CONDUCT, CANON 3 (B) (2), (5). - | | |
| | | 17. - | 77. |
| | TEX. DISC. RULES PROF CONDUCT § 9 ART X, RULES 1.01 (H) (1); 3.01. - | | |
| | | 9. - | 73. |
| | TEX. RULES EVIDENCE, RULE 609 (a) (b). - | | |
| | | 3. - | 63. |
| | TEX. RULES EVIDENCE, RULE 612. - | | |
| | | 1, 5, 15, 22. - | 59, 65, 77, 84. |
| | TEX. RULES APP. PROC., RULE 9.7. - | | APPENDIX. |
| | TEX. RULES APP. PROC., RULE 44.2 (b) - | 25. - | 89. |
| | TEX. RULES PROF. CONDUCT, RULE 106 (b) (1) (2). - | | |
| | | 1, 5. - | 60, 65. |
| | V.T.C.A. PENAL CODE § 6.01 (a). - | 7. - | 68. |

No. PD-0203-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

ALEX CRANK, II     APPELLANT, APPLICANT, PETITIONER

V.

THE STATE OF TEXAS

---

APPELLANT'S OUT-OF-TIME PETITION FOR
DISCRETIONARY REVIEW

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

APPELLANT RESPECTFULLY SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW AND MOVES THIS HONORABLE COURT GRANT REVIEW OF THIS HIS CAUSE AND OFFERS THE FOLLOWING IN SUPPORT THEREOF:

---

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT HEREBY WAIVES AN ORAL ARGUMENT BECAUSE HE IS PHYSICALLY DISABLED AND IS NOT ELOQUENT IN SPEECH, MOREOVER, HE IS MOSTLY SLOW-OF-SPEECH AND MAY BE CONSIDERED NON-RESPONSIVE, IF FORCED TO ANSWER A QUESTION MORE QUICKLY.

VIII.

# STATEMENT OF THE CASE

SEPTEMBER 14, ANNO DOMINI 2007 - ALEX S. CRANK, # ARRESTED ATTEMPTED MURDER #NM94546

SEPTEMBER 24, 2007 - THE LATE, ALEX CRANK, PATIENT, PASSES ON. GOD REST HIS SOUL.

DECEMBER 12, 2007 - INDICTMENT # V0938P3195.

FEBRUARY 23, 2009 - JURY TRIAL ENDS, GUILTY, 99 YEARS.

MARCH 4, 2009 - APPEALS COURT # 04-09-00157-CR.

APRIL 20, 2009 - APPEALS COURT # 08-09-00109-CR.

APRIL 29, 2011 - EIGHTH COURT JUDGMENT.

AUGUST 19, 2011 - EIGHTH COURT MANDATE.

MARCH 8, 2012 - APPELLANT RECEIVES MANDATE AND OPINION.

APRIL 12, 2012 - PETITION DISCRETIONARY REVIEW. (PD-0747-12).

MAY 23, 2012 - ATTORNEY GRIEVANCES FILED STATE BAR.

JULY 21, 2012 - HABEA MOTION JUDICIAL NOTICE OF FACTS.

MAR DECEMBER 20, 2012 - HABEAS CORPUS FILED (11.07).

MARCH 12, 2013 - HABEAS PETITIONER'S MOTION FOR DISCOVERY.

JANUARY, 2015 - FACTS/FINDINGS; CONCLUSIONS LAW.

FEBRUARY 4, 2015 - CT. CRIM. APP. GRANTS #WR-82,671-01.

JUNE 01, 2015 - PETITION FOR DISCRETIONARY REVIEW DUE.

IX.

PROCEDURAL HISTORY

# STATEMENT OF ~~THE CASE~~

ON SEPTEMBER 19, ANNO DOMINI 2007, UNDER #MM94546, ATTEMPTED MURDER, APPELLANT/PETITIONER, BEING INDIGENT, WAS APPOINTED ATTORNEY, DANIEL KINDRED, WHO WAS CALLED TO DUTY IN IRAQ, AND REPLACED, ON 3-24-08, UNDER #2007-CR-10969, MURDER, WITH JEFFERSON MOORE, WHO FILED HIS MOTION TO WITHDRAW ON 12-24-08, CITING: CONFLICT-OF-INTEREST.

ON 2-23-09, JUDGE PHILIP A. KAZEN, JR. READ JURY'S GUILTY VERDICT IN OPEN COURT FOLLOWING A NOT-GUILTY-SELF-DEFENSE PLEA. APPELLANT APPEALED THE CONVICTION/SENTENCE 99 YEARS #04-09-00157-CR TRANSFERED TO #08-09-00109-CR AND WAS APPOINTED APPEAL ATTORNEY DEBORAH LETZ, WHO QUIT HER JOB BEING REPLACED WITH LORI O. RODRIGUEZ (NOW MILLER).

THE HONORABLE 8th COURT OF APPEALS ORDERED #08-09-00109-CR 4-29-11 AND ISSUED MANDATE 8-19-11, WHICH WAS RECEIVED BY APPELLANT NOV. 9, 2011, WITH NO COURT OPINION, READING, "THERE WAS ERROR IN THE JUDGMENT."

APPELLANT RECEIVED A CORRECTED, TRUE AND CORRECT MANDATE ON 3-8-12. THIS MANDATE READS "CONCLUDES THERE WAS NO ERROR IN JUDGMENT" APPELLANT THEN FILED HIS PETITION FOR DISCRETIONARY REVIEW ON 4-12-12 #PD-0347-12; AND HIS STATE HABEAS CORPUS #2007-CR-10969 W1, ON 12-20-12.

THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS ISSUED MANDATE WR-82,671-01 ON 3-2-15 AUTHORIZING THIS OUT-OF-TIME PETITION FOR DISCRETIONARY REVIEW.

THERE WAS NO MOTION FOR REHEARING FILED.

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: ALEX CRANK II.

DATE OF BIRTH: JUNE 22, ANNO DOMINI 1960.

PLACE OF CONFINEMENT: T.D.C.J. POLUNSKY UNIT (TL).

TDCJ-CID NUMBER: #01559591.     SID NUMBER: 269160. 2494660.

(1)    This application concerns (check all that apply):

☒ a conviction          ☐ parole

☐ a sentence            ☐ mandatory supervision

☐ time credit           ☒ out-of-time appeal or petition for
                           discretionary review

(2)    What district court entered the judgment of the conviction you want relief from?
       (Include the court number and county.)

       HONORABLE 227th DISTRICT COURT, BEXAR COUNTY, TEXAS.

(3)    What was the case number in the trial court?

       2007-CR-10969.

(4)    What was the name of the trial judge?

       HONORABLE PHILIP A. KAZEN, JR.

(5)  Were you represented by counsel? If yes, provide the attorney's name:
FIRST - DANIEL KINDRED - SEPTEMBER 2007 TO MARCH 2008;
SECOND - JEFFERSON KEANE MOORE - MARCH 24, 2008 TO FEBRUARY 23, 2009.

(6)  What was the date that the judgment was entered?

FEBRUARY 23, ANNO DOMINI 2009.

(7)  For what offense were you convicted and what was the sentence?

MURDER - 99 YEARS.

(8)  If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

UNKNOWN.

(9)  What was the plea you entered? (Check one.)

☐ guilty-open plea          ☐ guilty-plea bargain
☒ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

UNKNOWN.

(10)  What kind of trial did you have?

☐ no jury                  ☒ jury for guilt and punishment
                           ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_YES. UNKNOWN._

(12) Did you appeal from the judgment of conviction?

☒ yes  ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to? _FOURTH COURT TRANSFERRED TO EIGHTH COURT OF APPEALS._

(B) What was the case number? _04-09-00157-CR - MARCH 2009; 08-09-00109-CR - APRIL 2009 TO MARCH 5, 2012._

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name: _DEBORAH D. LETZ; ANGELA MOORE; LORI RENEE OLENICK RODRIGUEZ (MILLER); J. CHEVES LIGON._

(D) What was the decision and the date of the decision? _"ERROR IN JUDGMENT" 8-19-11. "NO ERROR IN JUDGMENT" 3-5-12._

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☒ yes  ☐ no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number? _PD-0347-12._

(B) What was the decision and the date of the decision? _APRIL 18, 2012 "NO ACTION TAKEN"._

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes  ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? _WR, 82, 671-01._

3

Rev. 01/14/14

**(B) What was the decision and the date of the decision?** <u>OUT-OF-TIME P.D.R.</u>

<u>FEB. 4, ANNO DOMINI 2015 OPPORTUNITY TO FILE AN</u>

<u>REMAINING CLAIMS DISMISSED WITHOUT PREJUDICE,</u>

**(C)** Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

APPELLANT'S ATTORNEY WOULD NOT INCLUDE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS ON DIRECT REVIEW BUT DIRECTED APPELLANT TO USE THE WRIT OF HABEAS CORPUS FOR INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS. (SEE PAGE 3, MEMORANDUM- WR, 82, 671-01),

**(15)** Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes      ☒ no

If you answered yes, please provide the name of the court and the case number:

NOT APPLICABLE.

**(16)** If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes      ☐ no

NOT APPLICABLE.

If you answered yes, answer the following questions:

**(A)** What date did you present the claim?   NOT APPLICABLE.

**(B)** Did you receive a decision and, if yes, what was the date of the decision?

NOT APPLICABLE.

If you answered no, please explain why you have not submitted your claim:

NOT APPLICABLE.

4

Rev. 01/14/14

_____

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

GROUND ONE: VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY HEARING COURT'S IMPROPER DENIAL OF ATTORNEY J. MOORE'S PRE-TRIAL MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST.

FACTS SUPPORTING GROUND ONE: DESPITE MOTIONS TO; WITHDRAW, DISMISS APPOINTED COUNSEL AND AMENDMENT THERETO; THE HEARING COURT JUDGE, PAT PRIEST ABUSED HIS DISCRETION AND LEFT AN ATTORNEY/CLIENT CONFLICT-OF-INTEREST UNRESOLVED AND FORCED THIS HARMFUL CONFUSION UPON A JURY TO DECIPHER RENDERING PREJUDICE, EVIDENT THROUGHOUT THE UNCONSTITUTIONAL TRIAL. BEFORE SAID HEARING ON FEBRUARY 9, ANNO DOMINI 2009, THE DEFENDANT WAS STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED. MR. MOORE STATED TO THE COURT THAT HE WAS CONCERNED FOR HIS OWN SAFETY, AND HE REQUESTED TO BE NOTIFIED OF DEFENDANT'S RELEASE. THE JUDGE ORDERED THE DEFENDANT, "WELL, I'VE KNOWN HIM FOR FIFTEEN YEARS AND I THINK HE'LL DO O.K." MR. J. MOORE FAILED TO PROTECT

6

Rev. 01/14/14

DEFENDANT'S RIGHTS BY PREDETERMINING GUILT. MOORE'S CONTEMPT FOR DEFENDANT WAS EXERCISED BY HIS REFUSAL TO FILE A MOTION TO QUASH, PRE-TRIAL, FAILURE TO SUBPEONA EVIDENCE AND WITNESSES FAVORABLE TO DEFENDANT, HIS FAILURE TO OBJECT MULTIPLE TIMES, PRE-TRIAL AND DURING TRIAL, AND HIS FAILURE TO OBTAIN A REQUESTED ARREST REPORT NOR ANY RECORDS SAVE HIS MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST. THE SAID ATTORNEY/CLIENT CONFLICT ADVERSELY AFFECTED AND PREJUDICED THE JURY. THE DEFENDANT'S MANY LICENSES AND CERTIFICATES, IN HIS WALLET WERE NOT DEEMED IMPORTANT ENOUGH BY MR. MOORE TO OBTAIN AND PRESENT AS FAVORABLE EVIDENCE. MR. J. MOORE REFUSED TO QUESTION WITH SPECIFICACY HOSTILE WITNESSES NOR PERMIT ELABORATION OF DEFENDANT'S TESTIMONY.

7

Rev. 01/14/14

**GROUND TWO:** VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION; 5th AMENDMENT RIGHT TO DOUBLE JEOPARDY PROTECTION BY TRIAL COURT'S OVERRULING DEFENDANT'S OBJECTION TO STATE'S CONJUNCTIVE INDICTMENT.

**FACTS SUPPORTING GROUND TWO:** TRIAL JUDGE, P. KAZEN, JR. ERRED BY NOT RULING ON DEFENDANT'S PRO SE, PRE-TRIAL MOTION TO QUASH; AND BY DENYING TRIAL COUNSEL'S OBJECTION TO STATE'S INDICTMENT ALLEGING DIFFERING METHODS IN THE CONJUNCTIVE EFFECTING MISJOINDER OF OFFENSES AND COULD HAVE BEEN AVOIDED BY FORCING THE STATE TO ELECT THE OFFENSE UPON WHICH IT WILL PROCEED OR BY ADEQUATELY ADDRESSING LESSER CURATIVE MEASURES, SUCH AS A LIMITING DISJUNCTIVE INSTRUCTION TO AVOID MULTIPLE PUNISHMENTS FROM THE DUPLICITY OF THE DIFFERING METHODS CONTEXT, IN WHICH THE SAME CONDUCT IS PUNISHED TWICE. THE COURT'S DENIAL TO DISJUNCTIVELY CURE INDICTMENT ADVERSELY

8

Rev. 01/14/14

AFFECTED THE JURY INSTRUCTIONS AS A WHOLE, WHICH MISLED WITH AMBIGUITY AND PREJUDICED THE JURY PANEL WITH INTENTIONAL MULTIPLE PUNISHMENT ERROR AND IS UNCONSTITUTIONAL IN ITS EQUAL PROTECTION DUTY.

ONE PARAGRAPH WAS SUFFICIENT. THE COURT'S USE OF TWO PARAGRAPHS WAS MISLEADING AND INJURIOUS; REPUGNANT TO THE 5th AMENDMENT DOUBLE JEOPARDY PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE 1 §14 OF THE TEXAS CONSTITUTION. THE DEFENDANT'S MOTIVE WAS TO SAVE HIS OWN LIFE. HAD THE COURT DISJUNCTIVELY CURED THE STATE'S CONJUNCTIVE INDICTMENT, THE SINGLE SELF-DEFENSE AFFIRMATIVE DEFENSE INSTRUCTION WOULD HAVE SUFFICED.

Rev. 01/14/14

GROUND THREE: VIOLATION OF PETITIONER'S 5th AND 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY TRIAL JUDGE'S OVERRULING DEFENSE OBJECTIONS TO STATE'S USE OF AN OVER-TEN-YEAR-LAPSED EXTRANEOUS MISDEMEANOR OFFENSE DISCLOSED BEFORE THE JURY.

FACTS SUPPORTING GROUND:

THE DEFENDANT HAD A HARD-WON, CLEAN CONVICTION RECORD, BUT FOR THIS OVER-TEN-YEAR-LAPSED NON-FELONY "OFFENSE" FOR SHOOTING A FERAL DOG THREATENING HIS STEP-SON, CHARLES THOMAS STEPHENS ON PRIVATE PROPERTY. THE DEFENDANT READILY ADMITTED THE CONVICTION TO THE JURY WHEN QUESTIONED BY THE PROSECUTION, RELIEVING THE STATE TO PROVE IDENTITY; NEVERTHELESS, THE PROSECUTION PREVIOUSLY SET UP A FINGERPRINTING TABLE WITH A FINGERPRINTING EXPERT, IN THE JURISDICTION OF THE JURY, AND PROCEEDED TO TAKE EACH OF DEFENDANT'S TEN FINGERPRINTS AND ALL THAT ENTAILS.

10

Rev. 01/14/14

THIS SAID UNWARRANTED PROCESS HUMILIATED THE DEFENDANT BY ITS DISCONCERTING SHOCK VALUE AND PREJUDICED THE JURY AGAINST THE DEFENDANT. THE DEFENDANT HAD FILED A PRE-TRIAL PROSE MOTION IN LIMINE AND ATTORNEY MOORE MOVED FOR A MOTION IN LIMINE. BY ITS VERY DEFINITION, 'EXTRANEOUS' MEANS "NOT ESSENTIAL, IRRELEVANT". THE TRIAL JUDGE OVERRULED DEFENSE OBJECTIONS TO THE STATE'S ABUSE OF TEXAS EVIDENCE RULES BY SAID PROCESS TO ALLOW THIS HUMILIATING PLOY TO ACHIEVE A CONVICTION THROUGH DECEIT AND DECEPTION. AFOREMENTIONED OVER-TEN-YEAR-LAPSED EXTRANEOUS MISDEMEANOR OFFENSE WOULD NOT HAVE BEEN DISCLOSED TO THE JURY AND ITS PREJUDICE THEREWITH HAD THE TRIAL JUDGE ALLOWED SAID, COMMON, DEFENSIVE MOTION IN LIMINE.

11

Rev. 01/14/14

**GROUND FOUR:** VIOLATION OF PETITIONER'S 5th, 14th, DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO EQUIP DEFENDANT AND INTERROGATE HIS DISTINCT MOTIVE BEFORE JURY.

**FACTS SUPPORTING GROUND FOUR:** DESPITE MOTION IN LIMINE, TRIAL JUDGE ALLOWED THE OVER-TEN-YEAR-LAPSED EXTRANEOUS MISDEMEANOR OFFENSE'S SHOWCASING TO PREJUDICE JURY. HAD THE ATTORNEY PROPERLY QUESTIONED THE DEFENDANT, THE JURY WOULD KNOW: THE DEFENDANT DROVE TO HIS OLDEST STEP-SON'S, CHARLES THOMAS STEPHENS, HOUSE FOR TRAVEL TO A BOY SCOUT MEETING AT EARLY DARK. CHARLES THOMAS LEFT VEHICLE TO OPEN A GATE ON THE PROPERTY WHEN A FERAL DOG THREATENED HIM. HE GOT BACK IN DEFENDANT'S CAR SCARED. THE DEFENDANT THEN OPENED HIS TRUNK, GOT OUT HIS .22 RIFLE AND LOADED IT. THE FERAL DOG, STILL THREATENING, WAS SHOT TWICE, AND LEFT FOR DEAD. THE DEFENDANT AND HIS STEP-SON CONTINUED

12.

Rev. 01/14/14

ON TO THEIR BOY SCOUT MEETING. THE DEFENDANT'S MOTIVE WAS TO PROTECT HIS CHILDREN, FOR THEY ALL ARE REQUIRED TO OPEN AND CLOSE GATES, FROM A VICIOUS DOG WEARING NO COLLAR, NOR WAS OWNER IN SIGHT. AT THE TRIAL FOR CRUELTY TO ANIMALS, OVER A DECADE AGO, THE OWNER OF SAID DOG TESTIFIED, "HE (THE DOG) HAS ONLY BEEN IN THREE OTHER FIGHTS AND KILLED THREE OTHER DOGS." WHEN THE DEFENDANT HEARD THIS TESTIMONY, HE WAS ELATED. NOTWITHSTANDING, THE COURT JUDGE AT SAID TRIAL RULED AGAINST THE DEFENDANT.

Rev. 01/14/14

GROUND FIVE: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY ATTORNEY MOORE'S FAILURE TO SUSTAIN HIS PRE-TRIAL MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST.

FACTS SUPPORTING GROUND: DESPITE HIS ETHICAL AND CONSTITUTIONAL DUTY TO WITHDRAW, MR. MOORE DID NOT REFUSE HIS APPOINTMENT AT THE PRE-TRIAL HEARING ON FEBRUARY 9, ANNO DOMINI 2009, FOR HIS SAID MOTION. MR. J. MOORE'S STATEMENT OF BEING IN FEAR FOR HIS OWN SAFETY AND REQUEST TO BE NOTIFIED OF DEFENDANT'S RELEASE PRESUMED ACCORDANCE BY JUDGE PAT PRIEST, AND COST THE DEFENDANT A CONSTITUTIONAL TRIAL AND EFFECTIVE REPRESENTATION THEREBY, HIS FAILING TO SUSTAIN HIS SAID MOTION. PRIOR TO ENTERING THE HEARING THE DEFENDANT WAS STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED AND DEFENDANT WAS FORCED TO PROCEED RECORDLESS.

14

ATTORNEY J. MOORE WOULD NOT FILE A MOTION TO QUASH PRE-TRIAL, NOR SUBPEONA REQUESTED WITNESSES, NOR OBTAIN THE MANY LICENSES AND CERTIFICATES, IN THE DEFENDANT'S WALLET, TO USE AS EVIDENCE FAVORABLE. NOTWITHSTANDING, THE DEFENDANT'S V.T.C.A. AGRICULTURE CODE § 76.112 LICENSE AUTHORIZED THE CHEMICAL APPLICATION AND RULES GOVERNING THE PROCEDURE, AND ITS RELEVANCY IS BUT ONE BATTLE IN AFOREMENTIONED ATTORNEY/CLIENT CONFLICT-OF-INTEREST. ATTORNEY MOORE REFUSED REQUESTED ARREST REPORT, REQUEST FOR EMERGENCY 911 TRANSCRIPT MADE BY DEFENDANT FIRST, FROM (210) 332-0448 THEN (WITH NO SIGNAL) (210) 635-7914 - AMBULANCE. MR. J. MOORE WAS HIGHLY INEFFECTIVE AND HIS ADVICE COMBATED, ADVERSELY AFFECTING THE JURY.

15

Rev. 01/14/14

GROUND: SIX: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO CONFER WITH AND TO PRESENT CORROBORATING EVIDENCE TO SUPPORT DEFENDANT'S CLAIMS.

FACTS SUPPORTING GROUND: TRIAL COUNSEL'S FAILURE TO OBTAIN REQUESTED CHARACTER WITNESSES: FELLOW ASSISTANT SCOUTMASTER, ROBERT GILES, PASTOR, E. MARK BRIGGS, JR., DEACON, TOM HARRIS, FELLOW EMPLOYEE, STEPHEN VILLA. BY SAYING, "DIDN'T ANSWER THE PHONE", SHOWS COUNSEL'S COMPLETE DISREGARD FOR DEFENDANT AND EXPRESSLY PREJUDICED THIS TRIAL. ANOTHER REQUESTED WITNESS WAS FORMER FIRE CHIEF, EUGENE OSBORN, BEING FIRST RESPONDER ON SCENE. FAILURE TO COMMUNICATE A DIALOG TO PROVIDE A WORKABLE ATTORNEY/CLIENT RELATIONSHIP, MR. MOORE ALSO WITHHELD ARREST REPORT, THE PRECISE TIME-FRAME OF THE INCIDENT, FROM THE DEFENDANT'S 911 CALL FOR AMBULANCE TO HOSPITAL ARRIVAL. EVIDENCE OF DEFENDANT'S PHYSICAL DISABILITY, HIS V.T.C.A. AGRICULTURE $76.112

16.

PESTICIDE APPLICATOR'S LICENSE, HIS TX. DOT. CLASS "A", HIS TX HUNTING AND FISHING LICENSE, HIS AMERICAN RED CROSS CERTIFICATION, EACH, BEING SPECIFICALLY REQUESTED AND LOCATED IN DEFENDANT'S WALLET WAS DEEMED UNIMPORTANT ENOUGH FOR MR. MOORE TO OBTAIN. TRIAL COUNSEL WAS ETHICALLY AND LEGALLY OBLIGATED TO OBJECT BUT DID NOT. MOREOVER HE REFUSED TO OBJECT SO MANY TIMES THAT THE DEFENDANT OBJECTED PRO SE SEVERAL TIMES THROUGHOUT THE TRIAL. MOORE'S FAILURE TO QUESTION HOSTILE WITNESSES WITH SPECIFIC REQUESTED QUESTIONS WAS MET WITH REFUSAL: THE ARRIVING OFFICER AND THE TRANSPORTING PILOT. THE DEFENDANT REQUESTED THE CARTRIDGES : THREE SPENT, ONE SHOTSHELL AND TWO "HP"; TWO LOADED CARTRIDGES, A SHOTSHELL AND A BRASS MILITARY BALL THAT MISFIRED-ESTOPPEL.

18.

Rev. 01/14/14

GROUND SEVEN: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO CHALLENGE ERRONEOUS, AMBIGUOUS, AND EXCLUDED JURY INSTRUCTIONS.

FACTS SUPPORTING GROUND: NECESSITY, MISTAKE-OF-FACT, CONCURRENT CAUSATION, APPARENT DANGER, VOLUNTARINESS, SELF-DEFENSE, DEADLY FORCE IN DEFENSE OF PERSON, AND PROTECTION OF LIFE OR HEALTH ARE ALL, EACH, REQUESTED JURY CHARGES RAISED BY DEFENDANT'S PRE-TRIAL PRO SE MOTIONS, HIS TESTIMONY ON THE WITNESS STAND AND BY THE EVIDENCE RAISED AT TRIAL. TRIAL COUNSEL'S FAILURE TO SUSTAIN DEFENDANT'S OBJECTION TO ERRONEOUS AND EXCLUDED JURY INSTRUCTIONS AND TO ASK FOR CURATIVE INSTRUCTIONS TO CORRECT AMBIGUOUS ERRORS, SPECIFICALLY A LIMITING DISJUNCTIVE INSTRUCTION DISPLAY HIS NEGLIGENCE AND CONTEMPT FOR THE DEFENDANT'S RIGHTS, PREJUDICING THE TRIAL. THE DEFENDANT WAS PRECLUDED FROM BENCH DISCUSSIONS

18

AND HAD NO PART EXCEPT TO OBJECT TO HIS ATTORNEY, WHO STATED, "THAT'S THE BEST I CAN GET." DEFENDANT AGAIN OBJECTED TO THE TWO MURDER INSTRUCTIONS ALLEGING DIFFERING METHODS IN THE CONJUNCTIVE AGAINST THE ONE SELF-DEFENSE INSTRUCTION, LACKING A LIMITING DISJUNCTIVE INSTRUCTION. DEFENDANT IS A TEXAS-STATE LICENSED (V.T.C.A. AGRICULTURE CODE § 76.112) AGENT, RESPONSIBLE FOR SPRAYING RESTRICTED-USE AND LIMITED-USE CHEMICALS THE DAY AND AT THE TIME OF THE INCIDENT. DEFENDANT AND THE PATIENT (PICKUP TRUCK DRIVER) WERE IN ROUTE FROM A CHEMICAL APPLICATION BEING RELEVANT, BUT NOT DEVELOPED BY TRIAL COUNSEL, WHO PURSUED HIS OWN PERSONAL AGENDA.

18

GROUND 8 VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO OBJECT TO STATE'S REPEATED MISAPPROPRIATION OF BURDENS OF PROOF.

FACTS SUPPORTING GROUND: THE PROSECUTION CONSISTED OF TWO FEMALE DISTRICT ATTORNEYS WHO REPEATEDLY INFLICTED THE JURY WITH MISTRUTHS AND SPEECH A COMMON MAN ON THE JURY WOULD NOT NOR COULD NOT DISTINGUISH BETWEEN THE STANDARD OF 'PROOF BEYOND A REASONABLE DOUBT' AND 'PROOF BY A PREPONDERANCE OF THE EVIDENCE'. THE EFFECTS OF THE IN-COURT ATTORNEY/PROSECUTION DISCUSSIONS OF APPELLATE-LEVEL BURDENS OF PROOF IN COMBINATION WITH TRIAL-LEVEL BURDENS OF PROOF CONSTITUTED PREJUDICE WHOLE-HEARTEDLY TO CONFUSE THE JURISTS OF THEIR RESPONSIBILITY TO ACQUIT ON REASONABLE DOUBT. THESE OPEN-AIR CONFERENCES WERE THE STATE'S EFFORTS TO CONFUSE AND PREJUDICE THE JURY. TRIAL COUNSEL ERRED

2◉

Rev: 01/14/14

BY BEING BEGUILED BY THE BEAUTY OF GOD'S CREATURE AND BY NOT OBJECTING TO THIS UNNECESSARY VERBAGE.

TRIAL COUNSEL ENJOYED THESE CHATS AND SEEMED MESMERIZED OBJECTIONLESS.

AT THE VERY END OF THE TRIAL THE JUDGE FINALLY ASKED THE DEFENDANT IF HE HAD ANYTHING TO SAY. THE AFOREMENTIONED BIAS CAUSED THE DEFENDANT TO OBJECT THUSLY, "YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY; I OBJECT TO THE PROSECUTION; AND I OBJECT TO THIS WHOLE TRIAL."

Rev. 01/14/14

GROUND NINE: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO OBJECT TO PROSECUTION'S DEFAMATION OF CHARACTER OF DEFENDANT.

FACTS SUPPORTING GROUND: THE DEFENDANT IS A PATRIOTIC FAMILY MAN WHO FEARS ALMIGHTY GOD AND ESCHEWS EVIL. HE IS THE "DADDY" OF TWO CHILDREN, "PAPA" OF TWO STEP-CHILDREN, AND THE "GRAMPY" OF FIVE GRANDCHILDREN AND TWO STEP-GRANDCHILDREN. HIS WIFE FORMALLY DIVORCED HIM AND WAS LIVING WITH THEN-BOYFRIEND, CHARLES TRAVIS STEPHENS. THE STATE ACCUSED DEFENDANT OF "STALKING" HIS FORMER WIFE, WHEN IN REALITY IT WAS A RECONCILIATION ATTEMPT OF DEFENDANT'S MARRIAGE, AND TO CONTINUE FATHER/DAUGHTER RELATIONSHIP WITH HIS CHILDREN. ON MARCH 8, ANNO DOMINI 1987, DEFENDANT WAS INVITED INSIDE BY WIFE, OLA MALINDA CRANK AND OLDEST DAUGHTER, AMY MARIE CRANK AND WAS ASKED TO HAVE A SEAT ON

22.

THE SOFA. DEFENDANT'S OLDEST DAUGHTER WAS THEN TOLD TO LEAVE THE ROOM BY HER MOTHER. SOME MAN, DEFENDANT DID NOT KNOW, USHERED AMY OUT THE BACK DOOR. WHILE DEFENDANT AND HIS WIFE WERE CONVERSING A NOISE SOUNDED FROM BEHIND AND DEFENDANT LOOKED BACK INTO THE LEVELED BARREL OF STEPHEN'S SHOTGUN. "GOODBYE ALEX" WERE HIS WORDS AS HE FIRED AND AS DEFENDANT WAS RISING FROM SOFA AND TURNING SO THE SHOT HIT HIS RIGHT SHOULDER INSTEAD OF BETWEEN HIS EYES. THE FORCE OF DEFENDANT'S RAPID STANDING, TURNING AND FREEZING CAUSED HIS RIGHT ARM TO FLING UP AND OVER HIS LEFT SHOULDER. DEFENDANT'S PRO SE OBJECTION OF, "YOU'RE WRONG" TO PROSECUTION'S DEFAMATION OF CHARACTER WAS THEREBY SUSTAINED AND PRESERVED.

23.

GROUND TEN: VIOLATION OF PETITIONER's 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL's DISPARGEMENT OF DEFENDANT BEFORE THE JURY AND QUOTED IN THE SAN ANTONIO PUBLIC NEWSPAPER.

FACTS SUPPORTING GROUND. TRIAL COUNSEL, JEFFERSON K. MOORE KNEW THAT HIS DISPARGING COMMENT, "LITTLE ALEX NEVER MADE MUCH OF HIMSELF" WOULD LIKELY BE QUOTED IN THE ONLY MAJOR NEWSPAPER, THE EXPRESS-NEWS. ON FEBRUARY 18, ANNO DOMINI 2009, HIS NASTY COMMENT WAS PRINTED FOR ALL THE CITIZENS OF SAN ANTONIO TO READ. THERE IS A SUBSTANTIAL LIKLIHOOD THIS QUOTE MATERIALLY PREJUDICED DEFENDANT's ADJUDICATORY PROCEEDING. DEFENDANT WAS SO TRAUMATIZED BY THE LOSS OF HIS DAD; AND BY THE UNCONSTITUTIONAL TRIAL ACCUSING HIM OF MURDER, HE DID NOT EVEN HEAR THIS SNIDE COMMENT, BUT WAS GIVEN A NEWSPAPER BY A FELLOW BEXAR COUNTY INMATE. DEFENDANT CLIPPED SAID ARTICLE OUT AND ATTACHED IT

24.

TO HIS PRO SE MOTION FOR NEW TRIAL (CERT/SERV. 3-25-09).

DEFENDANT IS A FORMER SUNDAY SCHOOL TEACHER, A LEADER OF ROYAL AMBASSADOR YOUTH, AND AN ASSISTANT SCOUTMASTER - BOY SCOUTS AMERICA WHO ACHIEVED "EAGLE" RANK AS A YOUTH. HE IS THE "DADDY" OF TWO CHILDREN, "PAPA" OF TWO STEP-CHILDREN, AND "GRAMPY" TO FIVE GRANDCHILDREN AND TWO STEP-GRANDCHILDREN.

TRIAL COUNSEL'S UNPROFESSIONAL, UNETHICAL, AND UNCONSTITUTIONAL SPEECH REPRESENTS ATTORNEY/CLIENT CONFLICT-OF-INTEREST AND VIOLATED THE DEFENDANT'S RIGHT TO A FAIR AND IMPARTIAL JURY. TRIAL COUNSEL ERRED BY NOT DEVELOPING THE STRUGGLES THE PHYSICALLY DISABLED DEFENDANT OVERCAME FOR FAMILY TIES.

25.

GROUND ELEVEN: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO INTRODUCE AND DEVELOP DEFENDANT'S MOTIVE BEHIND THE SHOOTING.

FACTS SUPPORTING GROUND: DEFENDANT'S MOTIVE OF SELF-DEFENSE WAS THE ENTIRE DEFENSE FOR THE SHOOTING OF A MAN LOVED SO DEARLY BY THE DEFENDANT. THE TRIAL COUNSEL'S INSUFFICIENT INVESTIGATION AND OBSERVATIONS PREJUDICED DEFENSE STRATEGY. THE TRUTH OF SELF-DEFENSE IS SHAMEFUL BY ITS VERY CONSISTENCY, HOWEVER, A MAN'S INSTINCT FOR SURVIVAL HAS DISTINCTIVE EQUIPOSE. MR. MOORE'S INTENTION WAS EVIDENT UPON INTRODUCTION TO DEFENDANT AND HIS BIAS OF THE SCENARIO PREJUDICED A FAIR TRIAL. THE CONSTANT STRIFE OF CONFLICT-OF-INTEREST WAS MANIFEST THROUGHOUT THE ENTIRE UNCONSTITUTIONAL ADJUDICATIVE PROCEEDING. TRIAL COUNSEL'S DETERMINATION TO PLACE THE BLAME ON THE HOSPITAL

16.

Rev: 01/14/14

FOR THE CONCURRENT CAUSATION WAS ERROR. THE DEFENDANT REQUESTED THE CONCURRENT CAUSATION JURY INSTRUCTION BECAUSE: BEING A V.T.C.A. AGRICULTURE CODE § 76.112 STATE-LICENSED AGENT, RESPONSIBLE FOR THE SCENE, WRINGING WET FROM SWEAT FROM HAIR TO SOCKS IN ROUTE FROM SPRAYING A RESTRICTED-USE CHEMICAL ON A HOT AND HUMID DAY, LOSING COMMUNICATION WITH THE PICKUP DRIVER, BANGING A HOE ON DRIVER'S ROLLED-UP WINDOW TO STOP THE IRRATIONAL DANGEROUS DRIVING. BEING IGNORED NECESSITATED THE NOISE FROM A SHOTSHELL "SNAKE" ROUND TO ALERT THE PICKUP DRIVER TO STOP. THEN THE PRIDE AND THREATS AND DRIVER'S SHOTGUN BEING PULLED OUT FROM BEHIND HIS SEAT AND BROKE OPEN (AS TO LOAD) THEN STUCK UNDER DEFENDANT CHIN.

27.

Rev. 01/14/14

GROUND TWELVE: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHT TO EFFECTIVE COUNSEL BY TRIAL COUNSEL'S FAILURE TO CROSS-EXAMINE THE ARRIVING OFFICER AND THE TRANSPORTING PILOT'S EMERGENCY SURGERY.

FACTS SUPPORTING GROUND: THIS SAME BEXAR COUNTY SHERIFF WHO TESTIFIED AT TRIAL HAS REPEATEDLY HARASSED AND ARRESTED THE DEFENDANT FOR FABRICATED VIOLATIONS OF LAW, INCLUDING A WARRANTLESS INVASION OF DEFENDANT'S HOME AND WEAPONS CONFISCATION THEREAT. AFOREMENTIONED WEAPONS BEING RETURNED UPON SAID FRIVOLOUS CHARGE'S CONCLUSION, WITH SOME OTHER FABRICATED VIOLATIONS INSTIGATED BY SAID SHERIFF HAVING BEEN EXPUNGED AT NO SMALL COST TO DEFENDANT. TRIAL COUNSEL'S PREJUDICE IS EVIDENT BY HIS REFUSAL TO ASK TWO SIMPLE QUESTIONS (1) WAS EUGENE OSBORN AT THE SCENE WHEN YOU ARRIVED? (2) WAS DEFENDANT "LAYING ON HIS HORN" TO ALERT YOU WHERE THE PATIENT WAS? MOORE RESPONDED, "I CAN'T ASK HIM THAT". TIME-LAPSE,

28.

THERE WAS A TIME-LAPSE OF THREE HOURS
FROM THE DEFENDANT'S EMERGENCY 911 CALL FOR AN
AMBULANCE TO GET THE PATIENT TO A HOSPITAL.
SAN ANTONIO HAS SPENT ## MILLIONS OF DOLLARS
UPON "911" SINCE THIS INCIDENT SEPT. 14, 2007,
BUT THAT FACT IN NO WAY EXCUSES THEM OF
SENDING A BIASED SHERIFF WITH NO AMBULANCE.
MOREOVER, THIS MASSIVE EXPENDITURE ACKNOWLEDGES
THEIR MISTAKE AND AWARENESS OF THE DAMAGE
ONE MISGUIDED SHERIFF ALONE PRODUCED, AND THE
POTENTIAL OF ITS REPLICATION IF LEFT UNRESOLVED,
THE PILOT FAILED TO CORRECTLY INTUBATE PATIENT
WHEN HE CUT THE PATIENT'S NECK ABOARD THE
HELICOPTER AFTER PATIENT HAD BEEN SUCCESSFULLY
BREATHING OVER TWO HOURS, AN EVIL PUBLICITY STUNT.

29.

GROUND THIRTEEN: VIOLATION OF PETITIONER's 5th, 14th DUE PROCESS, EQUAL PROTECTION, AMENDMENT RIGHTS BY THE STATE's DELIBERATE AND EGREGIOUS, REPEATED MISAPPROPRIATION OF THE BURDENS OF PROOF.

FACTS SUPPORTING GROUND: THE TWO FEMALE PROSECUTORS REPEATEDLY PERVADED THE JURY WITH VERBAGE

AND SPEECH A COMMON MAN ON THE JURY WOULD

NOT NOR COULD NOT DISTINGUISH BETWEEN THE

STANDARD OF "PROOF BEYOND A REASONABLE DOUBT"

AND "PROOF BY A PREPONDERANCE OF THE EVIDENCE".

THE EFFECTS OF THE IN-COURT ATTORNEY/PROSECUTION

DISCUSSIONS OF APPELLATE-LEVEL BURDENS OF PROOF IN

COMBINATION WITH TRIAL-LEVEL BURDENS OF PROOF

CONSTITUTED PREJUDICE; WHOLE-HEARTEDLY

TO CONFUSE THE JURISTS OF THEIR RESPONSIBILITY

TO ACQUIT ON REASONABLE DOUBT. THESE OPEN-AIR

CONFERENCES WERE THE STATE's EFFORT TO MISLEAD

THE JURY AND TO ALIENATE INDEPENDENT THOUGHT.

40.

ATTORNEY J. MOORE ENJOYED THESE IN-COURT CHATS AND SEEMED MESMERIZED OBJECTIONLESS. THIS SUBSTANTIAL AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING THE JURY'S VERDICT IS AN ERROR OF CONSTITUTIONAL MAGNITUDE; AND CONSTITUTES CAUSE AND THE DENIAL OF DUE PROCESS AND EQUAL PROTECTION IS PREJUDICE PER SE.

AT THE VERY END OF SAID TRIAL, THE JUDGE ASKED THE DEFENDANT IF HE HAD ANYTHING TO SAY. AFOREMENTIONED BIAS CAUSED THE DEFENDANT TO OBJECT THUSLY, "YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY; I OBJECT TO THE PROSECUTION; AND I OBJECT TO THIS WHOLE TRIAL."

31.

GROUND FOURTEEN: VIOLATION OF PETITIONER'S 5th, AND 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW BY ACTUAL INNOCENCE EVIDENCE OF SELF-DEFENSE THAT CONTRADICTS THE VERDICT OF THE JURY.

FACTS SUPPORTING GROUND: THE DEFENDANT TESTIFIED: OF HIS ATTEMPT TO DISARM THE AGGRESSOR (DECEASED) BEFORE SHOOTING HIM IN THE FACE-TO-FACE STRUGGLE; OF PREVIOUS THREATS AND ASSAULTS BY DECEASED (GOD REST HIS SOUL); AND OF CALLING EMERGENCY 911 FOR AN AMBULANCE IMMEDIATELY AFTER, FIRST, FROM PATIENT'S CELL (210) 332-0448, THEN, AFTER RACING ACROSS THE FIELD, FROM (210) 635-7914 – SIGNIFYING THE INCIDENT AS A MISTAKEN ACCIDENT. THE DEFENDANT NEITHER KNEW, NOR CARED ABOUT EXPLAINING SHOOTING A DEAR PERSON, ONLY THAT HE DID, AND, SEND AN AMBULANCE! LIKE, NOW! "GOT TO GET BACK TO PATIENT. SEND THE AMBULANCE!" A SPATTERING OF DECEASED'S D.N.A.

32.

IS ON HIS RIFLE/SHOTGUN COMBINATION WEAPON ESTABLISHING PROXIMITY OF WEAPON TO SAME. THE DEFENDANT FILED A PRO SE TEX.C.C.P. CHAP. 64 MOTION FOR POST-CONVICTION FORENSIC DNA TESTING OF EVIDENCE, WHICH WAS RULED ON BY JUDGE KAZEN, JR.: " IDENTITY IS NOT AN ISSUE. PERHAPS IDENTITY IS NOT AN ISSUE, BUT PROXIMITY IS. HAD THE PATIENT SLOWED HIS PICKUP, OR YELLED AND HIT ME, EVEN TAKEN OFF HIS BELT! IT'D BE O.K. HOWEVER, THE PATIENT CHOSE TO PULL OUT HIS WEAPON, BREAK IT OPEN AS IF TO LOAD IT, CLOSED IT, TURNED AROUND AND THREATENED DEFENDANT.

33,

GROUND FIFTEEN: VIOLATION OF PETITIONER'S 5th, 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW BY THE STATE'S SUPPRESSION OF EVIDENCE FAVORABLE TO AND REQUESTED BY AN ACCUSED.

FACTS SUPPORTING GROUND: DEFENDANT'S PRO SE PRE-TRIAL MOTIONS TO: QUASH INDICTMENT; OBTAIN EVIDENCE FAVORABLE TO DEFENDANT; APPLICATION TO SUBPEONA WITNESS; TOGETHER WITH THE TRIAL TESTIMONY OF DEFENDANT PROVIDED A THOUROUGH PREVIEW OF DEFENDANT'S CAUSE TO DEFENSE COUNSEL, DISTRICT ATTORNEY AND THE TRIAL COURT CLERK IN NECESSITATING THE COLLECTION OF EVIDENCE OF:

(A) COURT'S DENIAL OF ATTORNEY/CLIENT CONFLICT-OF-INTEREST;

(B) COURT'S LACK OF MANDATORY HEARINGS ON PRO SE, PRE TRIAL MOTIONS;

(C) TRANSCRIPTS OF DEFENDANT'S EMERGENCY 911 CALL FOR AN AMBULANCE FROM (210) 635-7914;

(D) DEFENDANT'S .38 PISTOL CARTRIDGES: 3 SPENT, 1 SHOTSHELL,

34.

2 "HP" SPENT — 2 LIVE ROUNDS: A SHOTSHELL ROUND; AND AN ANCIENT BRASS MILITARY BALL THAT MISFIRED, PROVING ESTOPPEL. IN PLAIN ENGLISH, THE DEFENDANT DID NOT EMPTY HIS 5-SHOT ROSSI PISTOL. THE MISFIRE WAS ALMIGHTY GOD'S SAYING, "IT IS ENOUGH". DEFENDANT BEGAN CARING FOR PATIENT IMMEDIATELY AFTER DISARMING HIM. WE PRAYED TOGETHER, WITH DEFENDANT'S REMINDING HIM OF HIS FAVORITE MEMORY — PATIENT KNEELING AT THE SONS' BEDSIDE PRAYING. THIS REWARDED DEFENDANT WITH A FULL SMILE FROM HIS DAD (THE PATIENT);

(E) TESTIMONY OF EUGENE OSBORN AS FIRST RESPONDER ON SCENE, CONTRADICTORY TO SHERIFF'S TESTIMONY;

(F) TESTIMONY OF INTERIM SHERIFF RUDY TAFFOIA, "REDUCE CHARGE".

35.

GROUND SIXTEEN: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION, 8th AMENDMENT RIGHTS TO PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT BY THE STATE'S SUPPRESSION OF ARRIVING OFFICER'S CRIMINAL NEGLIGENCE, DELIBERATE INDIFFERENCE.

FACTS SUPPORTING GROUND: THE PREVIOUS HARASSMENT AND ARRESTS BY THE TESTIFYING SHERIFF OF DEFENDANT AND PATIENT FOR FABRICATED VIOLATION OF LAW, INCLUDING A WARRANTLESS INVASION OF DEFENDANT'S HOME AND UNCONSTITUTIONAL WEAPONS CONFISCATION, WITH AFOREMENTIONED WEAPONS HAVING BEEN RETURNED UPON SAID FRIVOLOUS CASE'S CONCLUSION. OTHER ARRESTS INSTIGATED BY SAME SHERIFF HAVING BEEN EXPUNGED AT NO SMALL COST TO DEFENDANT.

FROM THE DEFENDANT'S EMERGENCY 911 CALL FOR AMBULANCE TO SAID SHERIFF'S ARRIVAL WAS FIFTEEN MINUTES. NEARLY TWO HOURS LAPSED UNTIL HARMONY VOLUNTEER FIRE DEPT. E.M.S. VEHICLE ARRIVED. THREE HOURS LAPSED BEFORE PATIENT ARRIVED AT HOSPITAL. ACTUAL

HELICOPTER TRANSPORT ACCOUNTED FOR FOURTEEN MINUTES.

SAN ANTONIO HAS SPENT # $ MILLIONS OF DOLLARS UPON 911 SINCE THIS INCIDENT, BUT THIS FACT IN NO WAY EXCUSES THEM OF SENDING A BIASED SHERIFF BUT **NO** AMBULANCE. MOREOVER, THIS MASSIVE EXPENDITURE ACKNOWLEDGES THEIR AWARENESS OF THEIR MISTAKES AND OF THE DAMAGE ONE MISGUIDED SHERIFF ALONE PRODUCED, AND THE POTENTIAL OF ITS REPLICATION IF LEFT UNRESOLVED.

THE ARRIVING SHERIFF'S DELIBERATE INDIFFERENCE CONSTITUTES NEGLIGENT HOMICIDE AND THE STATE'S SUPPRESSION THEREOF CONSTITUTES CAUSE AND DENIAL OF DUE PROCESS AND EQUAL PROTECTION IS PREJUDICE PER SE.

GROUND SEVENTEEN: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 1st AMENDMENT RIGHTS TO FREEDOM OF SPEECH BY TRIAL JUDGE'S THREATS AND INTIMIDATION AGAINST DEFENDANT UNDER JURISDICTION OF THE JURY.

FACTS SUPPORTING GROUND: THE TRIAL JUDGE, PHILIP A. KAZEN, JR.'S THREATS TO THE DEFENDANT, ALEX S. CRANK, II:

(1) "I HAVEN'T YET GAGGED YOUR TESTIMONY.";

(2) "HE (CRANK) OBVIOUSLY HAS A STORY TO TELL" (IMPLYING) 'BUT HE'S NOT GOING TO GET TO TELL IT IN MY COURT'; AND,

(3) "ANSWER YES OR NO TO THE QUESTIONS",

UNDER THE JURISDICTION OF THE JURY WHILE THE DEFENDANT WAS ON THE WITNESS STAND, SEVERELY RESTRICTED THE DEFENDANT'S TESTIMONY. SAID INTIMIDATION IS OBSTRUCTION OF JUSTICE; AND UNCONSTITUTIONALLY PROHIBITED THE ELABORATION OF CIRCUMSTANCES AND EVENTS AS THEY UNFOLDED IN A SIGNIFICANT TRIAL OF

FREEDOM AGAINST MURDER CHARGES.

THE TRIAL JUDGE'S CONTEMPT IS MADE FURTHER EVIDENT BY THE ABSENCE OF PRE-TRIAL HEARINGS AND RULINGS FOR DEFENDANT'S PRO SE MOTIONS, WHEREBY HE RIDICULES HIS SERIOUS DUTY OF BEING ZEALOUS TO PROTECT THE RIGHTS OF AN ACCUSED AND TO REFRAIN FROM PREJUDICE. TRIAL JUDGE'S THREATS TO DEFENDANT CONSTITUTE CAUSE AND DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF LAW, TOGETHER WITH DENIAL OF FREEDOM OF SPEECH IS PREJUDICE, PER SE.

GROUND EIGHTEEN: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 1ST AMENDMENT RIGHTS TO FREEDOM OF SPEECH BY THE TRIAL COURT BALIFFS' INTIMIDATION AND THREAT TO DEFENDANT'S OBJECTION.

FACTS SUPPORTING GROUND: THROUGHOUT THE COURSE OF THE TRIAL DEFENSE COUNSEL KEPT AN EMPTY CHAIR BETWEEN HIMSELF AND DEFENDANT, REPRESENTING THEIR UNRESOLVED CONFLICT-OF-INTEREST. THE DEFENDANT IS PHYSICALLY DISABLED AND WAS WEARING A COURT-APPROVED LEG RESTRAINT TO REDUCE AGILITY, BEING UNABLE TO EFFECT AN OBJECTION TO TRIAL ERRORS FROM DEFENSE COUNSEL MOORE. DURING Mc CRANK'S TESTIMONY, THE DEFENDANT OBJECTED PRO SE; ROSE UP FROM HIS CHAIR AND SAID IN AN AUDIBLE VOICE, "YOUR HONOR, I OBJECT." BEING TOTALLY UNAWARE OF ANY WRONGDOING. INSTANTLY THE TWO COURT BALIFFS RUSHED FORTH AND EACH GRABBED AN ARM, FORCEFULLY SAT THE DEFENDANT DOWN AND ONE SAID, "YOU DO THAT AGAIN

AND I'LL TAKE YOU DOWN", PATTING HER

SIDEARM. THIS SAID INCIDENT BEING UNDER

THE JURISDICTION OF THE JURY HAD A

DETRIMENTAL EFFECT ON JURY NEUTRALITY, ON

DEFENDANT'S ACCESS TO THE COURTS, AND ON HIS

ABILITY TO ARTICULATE HIS CASE. THE TRIAL

COURTS BALIFFS' INTIMIDATION BY THREATS

TO THE DEFENDANT'S OBJECTION IS CAUSE AND

THE DENIAL OF DUE PROCESS AND EQUAL PROTECTION

OF LAW TOGETHER WITH THE DENIAL OF

FREEDOM OF SPEECH IS PREJUDICE PER SE,

41.

GROUND NINETEEN : VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION ; 2ND AMENDMENT RIGHTS TO KEEP AND BEAR ARMS BY THE STATE'S EXCLUSION OF EVIDENCE DISPROVING MURDER WHICH LEFT APPELLANT WITH NO RECORD.

FACTS SUPPORTING GROUND : THE FUNDAMENTAL RIGHT TO SELF-DEFENSE IS THE PRIMARY FUNCTION OF THE SECOND AMENDMENT ; ENSURED TO FREEDOM-LOVING, LAW-ABIDING CITIZENS OF OUR GREAT NATION. DEFENDANT'S FUNDAMENTAL RIGHT TO SELF-DEFENSE BY THE LEGAL PROTECTION PROVIDED BY THE SECOND AMENDMENT WAS VIOLATED BY THE STATE'S EXCLUSION OF EVIDENCE DISPROVING MURDER, INCLUDING :

(1) EMERGENCY CALL TO 911 FOR AN AMBULANCE MADE BY DEFENDANT IMMEDIATELY AFTER SHOOTING THE PATIENT ;

(2) THE FIVE CARTRIDGES FOR DEFENDANT'S 5-SHOT ROSSI PISTOL : 3 SPENT, 1 SHOTSHELL, 2 "HP" ; 2 LOADED, 1 ANCIENT MILITARY "BALL" THAT MISFIRED—

AND ONE SHOTSHELL ROUND. THE ANTIQUE MILITARY "BALL" WAS IN A BRASS CASING AND DID NOT FIRE, QUICKENING THE DEFENDANT, (ALEX) TO STOP. IT WAS ALMIGHTY GOD'S STAYING HAND. ALEX IMMEDIATELY BEGAN CARING FOR THE WOUNDED PATIENT AS SOON AS TAKING HIS SHOTGUN AWAY AND PUTTING IT BACK BEHIND HIS SEAT, AN AUTOMATIC REFLEX, FOR ONE WHO HUNTS AND CARRIES A WEAPON BEHIND HIS SEAT. THERE ARE PREDATORS AND GAME ANIMALS IN ABUNDANCE AND ONE USUALLY "KEEPS AN EYE OUT" FOR BOTH WHILE WORKING A SPREAD. HANDCUFFED IN THE SQUAD CAR, ALEX HEARD A LOUD "POP" LIKE A PISTOL SHOT. IF SAID BRASS CASING HAS TWO INDENTIONS IN ITS PRIMER THE SHERIFF OR MR. OSBORN SHOT PATIENT WITH ALEX'S PISTOL.

43.

GROUND TWENTY: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 5th AMENDMENT RIGHTS AGAINST SELF-INCRIMINATION BY THE CONVICTION OF DEFENDANT'S BEING THE UNWILLING INSTRUMENT OF HIS OWN CONDEMNATION.

FACTS SUPPORTING GROUND: THERE WOULD BE NO WITNESS NOR CASE AGAINST ALEX S. CRANK, II, ACCUSED, WITHOUT HIS EMERGENCY 911 CALL FOR AN AMBULANCE IMMEDIATELY FROM (210) 332-0448 AND VERY SOON THEREAFTER FROM (210) 635-7914. DESPITE HIS COOPERATION, DEFENDANT WAS LOCKED AWAY IN A SQUAD CAR FOR HOURS, WAITING, EMERGENCY PERSONELL SHOULD HAVE BEEN GIVEN PESTICIDE RECORDS AND MATERIAL SAFETY DATA SHEETS (M.S.D.S.) WHEN THEY FINALLY DID ARRIVE, BUT DEFENDANT WAS FORGOTTEN, LOCKED AWAY, OUT-OF-SIGHT FROM THE PATIENT AND E.M.S. VEHICLE. DEFENSE COUNSEL MOORE WOULD NOT PERMIT THE DEVELOPMENT OF THESE FACTS. NOTWITHSTANDING, THE V.T.C.A. AGRICULTURE CODE § 76.112 - LICENSED DEFENDANT AND

44.

HIS DAD (THE PATIENT) WERE SPRAYING A RESTRICTED-USE CHEMICAL FROM 9:00 AM TO WHEN THE TRAGIC INCIDENT UNFOLDED AROUND 10:45 AM ON SEPTEMBER 14, ANNO DOMINI 2007, THE DEFENDANT DID HEAR A LOUD "POP" (COULD HAVE BEEN A GUNSHOT) WHILE LOCKED IN THE SQUAD CAR, BEFORE E.M.S. ARRIVED; AND IMMEDIATELY THE SHERIFF CAME OUT THE BARN (SMALL) GATE, LOOKED AT ME IN HIS CAR, LOOKED AROUND THE SMOKE-HOUSE AND WENT BACK INTO THE BARN LOT, CLOSING THE SMALL GATE BEHIND HIM. THE E.M.S. VEHICLE WOULD HAVE TO USE THE LARGE GATE TO ENTER THE BARN LOT.

THE STATE'S CASE ROSE OR FELL ON EVIDENCE PROVIDED BY DEFENDANT WHICH WAS THEN DISTORTED. THE CHOICE OF LESSER-INCLUDED OR NONE WAS NOT SOUND ADVICE.

GROUND TWENTY-ONE: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION; 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN THE FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FAILURE TO SEEK REVIEW OF SUFFICIENCY OF THE EVIDENCE.

FACTS SUPPORTING GROUND: THE INDIGENT DEFENDANT'S DEFENSE FOR AN EXCUSABLE HOMICIDE IS SELF-DEFENSE. APPELLATE COUNSELS' [D. LETZ, A. MOORE, L.O. RODRIGUEZ (MILLER), AND J. LIGON] FAILURE TO SEEK LEGAL AND FACTUAL SUFFICIENCY REVIEW OF THE EVIDENCE OF DEFENDANT'S AFFIRMATIVE DEFENSES ON DIRECT REVIEW AND WHETHER THE ENTIRE TRIAL EVIDENCE WAS SUFFICIENT TO DISPROVE THE ISSUE OF SELF-DEFENSE; AND TO PROPOSE HYPOTHETICALLY CORRECT JURY INSTRUCTIONS ON REQUESTED AND PROVEN ISSUES SUCH AS A CURATIVE, DISJUNCTIVE CHARGE. THE USE OF A TEN-YEAR LAPSED, MISDEMEANOR OFFENSE — CONTRARY TO TEXAS RULES OF EVIDENCE WAS ONE EXAMPLE FOR FAILURE TO SEEK REQUESTED SUFFICIENCY REVIEW.

46.

THE DEFENDANT FILED A FIVE-PAGE MOTION TO SUPPLEMENT THE RECORD TO TRIAL CLERK (CERT./SERV. 7-17-09); A MOTION FOR NEW TRIAL (CERT./SERV 3-25-09); AND A NINETEEN-PAGE LETTER OF GRIEVANCES/ERRORS/POTENTIAL ISSUES TO CHALLENGE — ONLY TO HAVE APPELLATE COUNSELS' DUTY AS ACTIVE ADVOCATE ABANDONED, CONSTITUTING CAUSE AND INEFFECTIVE ASSISTANCE OF COUNSEL IN THE FIRST APPEAL OF RIGHT IS PREJUDICE PER SE.

THE APPELLANT REMAINS WITHOUT BRIEF OR TRANSCRIPT IN HIS STRUGGLE FOR FREEDOM. HAD THE APPELLATE COUNSELS FILED A MOTION TO WITHDRAW WITH 'ANDER'S BRIEF', THE APPELLANT COULD HAVE RECEIVED RECORDS, REPORTS AND TRANSCRIPTS TO ASSIST HIS SAID STRUGGLE PRO SE.

57.

GROUND TWENTY-TWO: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FAILURE TO CHALLENGE COURT'S DENIAL OF MOTION TO WITHDRAW.

FACTS SUPPORTING GROUND: THE PRE-TRIAL HEARING FOR ATTORNEY J. MOORE'S MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST ON FEBRUARY 9, ANNO DOMINI 2009, WAS DENIED BY JUDGE PAT PRIEST, LEAVING AFOREMENTIONED CONFLICT-OF-INTEREST UNRESOLVED. DEFENDANT WAS PERMITTED TO ATTEND SAID HEARING AFTER BEING STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH ALL HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED. DEFENDANT CRANK WAS THEN FORCED TO PROCEED RECORDLESS, AGAINST THE CONSTITUTION AND TEXAS RULES OF EVIDENCE. THIS CONFISCATION HELPED THE JUDGE DENY ATTORNEY/CLIENT OPPOSITION. THE PREJUDICE FROM THIS CONFLICT-OF-INTEREST THAT INFECTED THE JURY SELECTION, THE JURY INSTRUCTIONS, QUESTIONING

48

Rev. 01/14/14

AND OBJECTIONS BY TRIAL COUNSEL, AND EVIDENCE SELECTION AND ADVICE GIVEN OR WITHHELD WAS SO OPENLY OBVIOUS THE COURT OF APPEALS POINTS OUT SAID CONFLICT ON PAGE 2, OPINION. THE DEFENDANT'S MOTION FOR NEW TRIAL; 5-PAGE DOCUMENT TO SUPPLEMENT RECORD; AND 19-PAGE LETTER TO APPELLATE COUNSELS, AS WELL AS HIS OBJECTION TO TRIAL JUDGE AT THE VERY END OF TRIAL WHEN FINALLY ASKED IF HE HAD ANYTHING TO SAY. AFOREMENTIONED BIAS CAUSED THE DEFENDANT TO OBJECT THUSLY, "YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY; I OBJECT TO THE PROSECUTION; AND I OBJECT TO THIS WHOLE TRIAL", ARE A FREEDOM-LOVING UNITED STATES CITIZEN YELLING, "HELP!"

49.

GROUND TWENTY-THREE: VIOLATION OF PETITIONER'S 5th/14th DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FAILURE TO CHALLENGE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

FACTS SUPPORTING GROUND: THE PRE-TRIAL HEARING FOR ATTORNEY J. MOORE'S MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST WAS HELD ON FEBRUARY 9, ANNO DOMINI 2009, AND DENIED BY JUDGE PAT PRIEST, WHICH LEFT AFOREMENTIONED CONFLICT-OF-INTEREST UNRESOLVED. SAID ATTORNEY WAS ETHICALLY AND LEGALLY OBLIGATED TO REFUSE APPOINTMENT TO REPRESENT DEFENDANT, SAID JUDGE WAS ETHICALLY AND JUDICIALLY OBLIGATED TO GRANT WITHDRAWL CITING CONFLICT-OF-INTEREST.

THIS OBVIOUS BATTLE OF DEFENSIVE STRATEGIES SEEMED APPARENT TO THE COURT OF APPEALS, WHO MADE NOTE OF IT ON PAGE 2, OPINION.

FAILURE OF APPELLATE COUNSELS TO DISCLOSE AND CHALLENGE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL REVEALS THE INADEQUATE PREPARATION MADE FOR APPELLANT'S

50.

Rev. 01/14/14

BRIEF AND CONSTITUTES THERE BEING NO COUNSEL OR ONLY INEFFECTIVE COUNSEL DURING THE DIRECT REVIEW AS EVIDENCED BY THE ONE-GROUND-MOOT-ISSUE APPELLANT'S BRIEF, APPELLANT NEVER RECEIVING BRIEF NOR RECORD FROM APPELLATE COUNSELS; AND HIS BEING LEFT WITHOUT BRIEF AND WITHOUT RECORD TO THIS DAY. DEFENDANT ESTABLISHED HIS PRE-TRIAL AND POST-TRIAL INEFFECTIVE ASSISTANCE CLAIMS BY HIS PRO SE MOTIONS: DISMISS, AMENDMENT THERETO, NEW TRIAL, SUPPLEMENT RECORD AND BY HIS 19-PAGE LETTER TO APPELLATE COUNSELS. IN DENYING APPELLANT'S CLAIMS BY A CONSTITUTIONALLY GUARANTEED EFFECTIVE APPELLATE COUNSEL, APPELLATE COUNSELS HAVE ABANDONED APPELLANT TO ENSURE THAT PROPER CONSIDERATION IS GIVEN TO HIS SUBSTANTIAL CLAIM, FORCING HIM TO APPEAL WITHOUT COUNSEL NOR RECORD.

Rev. 01/14/14

GROUND TWENTY-FOUR: VIOLATION OF PETITIONER'S 5th, 14th DUE PROCESS, EQUAL PROTECTION, 6th AMENDMENT RIGHTS TO EFFECTIVE COUNSEL IN FIRST APPEAL OF RIGHT BY APPELLATE COUNSELS' FRIVOLOUS DIRECT APPEAL WHICH LEFT APPELLANT WITH NO TRIAL TRANSCRIPT.

FACTS SUPPORTING GROUND: FROM THE FACTS OF FINDINGS/CONCLUSIONS OF LAW OF APPELLANT'S STATE HABEAS CORPUS THE TRIAL JUDGE ORDERED ON DEC. 12, ANNO DOMINI 2014, THE APPELLANT WAS INFORMED: ATTORNEY D. LETZ WAS APPOINTED APPELLATE ATTORNEY, ATTORNEY A. MOORE NEXT, ATTORNEY L.O. RODRIGUEZ, NOW MILLER, NEXT, ATTORNEY J. LIGON NEXT, THEN LASTLY BACK TO D. LETZ, AS APPELLATE COUNSEL. THIS SAME STATE HABEAS CORPUS WAS OFFERED WITH ASSISTANCE FROM NEITHER APPELLANT'S BRIEF, TRIAL COURT TRANSCRIPTS NOR ANY RECORD WHATSOEVER, SAVE INDICTMENT AND MOTION TO WITHDRAW. THESE REPRESENTATIONS ARE EVIDENCE OF AN OLD ADAGE, 'PASS THE BUCK'. WHO DID WHAT WHEN? IS A RELEVANT QUESTION CONCERNING CONTINUITY OF RESPONSIBLE

54.

Rev. 01/14/14

PROFESSIONAL EFFECTIVENESS. AFTER ATTORNEY RODRIGUEZ'S LETTER DATED 1-30-09 (2ND MOTION EXTENSION OF TIME) APPELLANT DISCOVERED NO MORE ABOUT HIS APPEAL, DESPITE HIS REPEATED ATTEMPTS: 12-20-09, 10-19-11 RETURN RECEIPT REQUESTED; UNTIL ON 11-9-11, WHEN THE APPELLANT WAS SENT A MANDATE-WITH A CLERICAL ERROR. THIS WAS A CRITICAL TIME IN THE APPEAL PROCESS WHEN THE STATE ELECTED TO USE ELUSIVE ACTION. ANTAGONISTIC TO THE MOOTNESS DOCTRINE, THE FRIVOLOUS APPELLANT'S BRIEF FILED IN THIS INSTANT CASE DID NOT CHALLENGE 1. SUFFICIENCY OF THE EVIDENCE; 2. ATTORNEY/CLIENT CONFLICT-OF-INTEREST; OR, 3. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL. MOREOVER, THE ONE-GROUND-MOOT-ISSUE THAT WAS THE SOLE CONTENTION OF APPELLATE COUNSELS SHOULD BE COUNTED FRIVOLOUS AND WITH-DRAWN TO PROVIDE THE APPELLANT WITH TRIAL TRANSCRIPTS.

53.

GROUND TWENTY-FIVE: VIOLATION OF PETITIONER'S 5th, 14th AMENDMENT RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW BY APPELLATE COURT'S NEEDLESS RESHOWCASING VIVID DESCRIPTIONS OF GRUESOME AND MORBID EXHIBITS INSTIGATED BY A MOOT-ISSUE, FRIVOLOUS APPELLANT'S BRIEF.

FACTS SUPPORTING GROUND:

THE COURT OF APPEALS ABUSED ITS DISCRETION BY ENTERTAINING A MERIT-LESS BRIEF FROM A PROFESSIONAL ATTORNEY.

THE PROBATIVE VALUE OF DESCRIBING AUTOPSY PHOTOGRAPHS TO SATISFY A MOOT-ISSUE BRIEF IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE TO THE APPELLANT. AFOREMENTIONED BRIEF SHOULD HAVE BEEN RETURNED: "FRIVOLOUS", TO ATTORNEY D. LETZ, OR ATTORNEY A. MOORE, OR ATTORNEY L.O. RODRIGUEZ (MILLER), OR ATTORNEY J. LIGON, OR DID THE CONTINUITY OF RESPONSIBLE PROFESSIONAL EFFECTIVENESS AFFECT THE COURT OF APPEALS' DISCERNMENT? ALTHOUGH THE SAID COURT DID EMPHASIZE THE EVIDENT CONFLICT-

54.

Rev. 01/14/14

CONFLICT-OF-INTEREST ON PAGE 2 OF ITS OPINION, NOT STRESSED WAS THE STATE'S FAILING TO REFUTE APPELLANT'S DEFENSE OF SELF-DEFENSE. PAGE 4-OPINION MENTIONS 13 EXIBITS, #20-32, AND DETAILS 12 PHOTOS OF GRUESOME AND MORBID IMAGES HOWEVER, NOT EVEN MENTIONED IS EXHIBIT #22, IS THIS THE ONE, DEFENDANT-REQUESTED, LONE "SURVIVAL" PHOTOGRAPH OF PATIENT, BARE-SHIRTED, SITTING UP UNASSISTED LEANING ON ONE ARM BEFORE THE ARRIVING SHERIFF'S INTERROGATION AND EMERGENCY MEDICAL SERVICES, "EMERGENCY" SURGERY, AND TRANSPORTATION TO HOSPITAL? IF IT IS, THEN THIS IS THE ONLY PHOTOGRAPH APPELLANT SOUGHT TO BE PRESERVED (PAGE 3, LETTER OF SUPPLEMENTATION TO COURT CLERK CERT/SERV. 7-17-09) AND IN HIS LETTER OF OBJECTION (5-6-09) TO WHOM IT MAY CONCERN.

55.

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

### VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____*Not Applicable.*_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

66

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: *NOT APPLICABLE*,

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, *ALEX S. CRANK, II*, am the (applicant)/ petitioner (circle one) and being presently incarcerated in *T.D.C.J. POLUNSKY UNIT*, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on *MAY 18*, A.D., 20*15*.

_____
Signature of (Applicant)/ Petitioner (circle one)

57.

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _NOT APPLICABLE,_

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_NOT APPLICABLE,_

Signature of Petitioner

58

Rev. 01/14/14

ARGUMENT I: THE STATE'S CONFISCATION OF LEGAL WRITINGS AND FORCING THE DEFENDANT TO PROCEED WITH HEARING ON ATTORNEY J. MOORE'S MOTION TO WITHDRAW (cert/serv 12-24-08); DEFENDANT'S MOTION TO DISMISS (cert/serv 12-23-08) AND AMENDMENT THERETO (cert/serv 12-29-08) WITHOUT HIS LEGAL WRITINGS WAS ABUSE OF TEX. RULES EVIDENCE RULE 612; AND STATE'S DENIAL OF DEFENDANT, ALEX S. CRANK, II's SUBSTANTIAL RIGHT TO SAID WRITINGS CONSTITUTES PREJUDICE.

"...THE RIGHT IS ESSENTIAL..." DE LA ROSA, 961 SW2d 495, 498 (1997). HEARING JUDGE PAT PRIEST ABUSED HIS DISCRETION IN A PROCEEDING THUSLY PREJUDICED BY OVERRULING THE DEFENDANT'S OBJECTION TO HAVING WRITINGS CONFISCATED AND PROCEEDING WITH HEARING AS ROUTINE.

"...REQUIRES PRODUCTION OF MATERIAL USED TO REFRESH THE WITNESS' MEMORY DURING ANY HEARING..." DAVIS, 93 SW3d 664, 669 (TEX. APP. TEXARKANA 2002).

"...WITH SOLICITUDE FOR THE ESSENTIAL RIGHTS OF THE ACCUSED... THE TRIAL COURT SHOULD PROTECT THE RIGHT OF THE ACCUSED TO HAVE THE ASSISTANCE OF COUNSEL" GLASSER V. U.S., 62 S. CT. 457, 465 (1942); CITING: CUYLER V. SULLIVAN, 100 S. CT. 1708 (1980).

ATTORNEY J. MOORE STATED TO THE HEARING JUDGE PAT PRIEST, OUT OF THE PRESENCE OF DEFENDANT, THAT HE WAS CONCERNED FOR HIS OWN SAFETY AND REQUESTED TO BE NOTIFIED OF DEFENDANT'S RELEASE. pg. 8 (i) F/F, c/L No. 2007-CR-10969 W1. HEARING JUDGE'S ORDER TO DEFENDANT, "WELL, I'VE KNOWN HIM (MOORE) FOR FIFTEEN YEARS AND I THINK HE'LL DO O.K."

"A JUDGE SHALL NOT ALLOW ANY RELATIONSHIP TO INFLUENCE JUDICIAL CONDUCT OR JUDGMENT... A JUDGE SHALL NOT TESTIFY VOLUNTARILY AS A CHARACTER WITNESS." CODE OF JUDICIAL CONDUCT, CANON 2B.

"THAT AS A RESULT OF THE ATTITUDE AND PERFORMANCE OF SAID COUNSEL [MOORE], THERE NOW EXISTS AN IRREPARABLE ANTAGONISTIC RELATIONSHIP BETWEEN DEFENDANT AND APPOINTED COUNSEL, AND IF DEFENDANT IS OBLIGATED TO STAND TRIAL HEREIN WITH THE REPRESENTATION OF SAID COUNSEL, HE WILL BE DENIED

59.

"A FAIR TRIAL, WILL HAVE INEFFECTIVE ASSISTANCE OF COUNSEL AND WILL BE DENIED HIS BASIC CONSTITUTIONAL RIGHTS TO: DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF AMENDMENTS 5, 6, AND 14 TO THE U.S. CONSTITUTION; AND, ARTICLE 1 § 10, 19, AND 29 OF THE TEXAS CONSTITUTION; AND ART. 1.05 OF TEX. C.C.P." CITING: (cert/serv 12-23-08) § V., DEFENDANT'S MOTION TO DISMISS APPOINTED COUNSEL.

SEE ALSO RULES OF PROF. CONDUCT, RULE 106 (b) (1) (2).

EXAMPLES OF ATTORNEY/CLIENT CONFLICT INCLUDE: SUPPRESSION OF EMERGENCY 911 CALL, INTERVENING ACT, MISTAKE OF FACT, JURY MEMBERS, INSTRUCTIONS TO THE JURY, THE WITNESSES CHOSEN AND CROSS-EXAMINATION THEREOF, AND ASKING QUESTIONS THAT WOULD HAVE PROVIDED A THOROUGH ANSWER.

"RELIEF GRANTED FOR INEFFECTIVE ASSISTANCE WHEN ENTIRE PROCEEDING AS A WHOLE WAS FUNDAMENTALLY UNFAIR." PASSMORE V. ESTELLE, 607 F. 2d 662 (5th CIR 1979).

"THE SIXTH AMENDMENT DOES MORE THAN REQUIRE THE STATES TO APPOINT COUNSEL FOR INDIGENT DEFENDANTS; THE RIGHT TO COUNSEL PREVENTS THE STATE FROM CONDUCTING TRIALS AT WHICH PERSONS WHO FACE INCARCERATION MUST DEFEND THEMSELVES WITHOUT ADEQUATE LEGAL ASSISTANCE."

CUYLER V. SULLIVAN, 100 S. CT. 1708 (1980).

60.

ARGUMENT 2:

THE DEFENDANT OBJECTED TO THE STATE'S CONJUNCTIVE INDICTMENT # V0938P3195 BY HIS PRO SE MOTION TO QUASH (cert/serv 1-22-08) AS PER TEX. C.C.P. ART. 27.02. THE TRIAL COUNSEL OBJECTED TO THE STATE'S INDICTMENT ALLEGING DIFFERING METHODS IN THE CONJUNCTIVE AND REQUESTED THE STATE TO ELECT WHICH PARAGRAPH UPON WHICH IT WILL PROCEED. ONE PARAGRAPH WAS SUFFICIENT. TRIAL COURT'S USE OF TWO PARAGRAPHS WAS MISLEADING AND INJURIOUS, MAKING DEFENDANT'S CONSTITUTIONAL RIGHT TO A UNANIMOUS VERDICT AMBIGUOUS, REPUGNANT TO THE 5th AMENDMENT DOUBLE JEOPARDY PROTECTION CLAUSE OF THE U.S. CONSTITUTION; AND, ARTICLE 1 § 14 OF THE TEXAS CONSTITUTION.

"IF INDICTMENT ALLEGES DIFFERING METHODS IN THE CONJUNCTIVE, THE JURY MAY PROPERLY BE CHARGED IN THE DISJUNCTIVE."

MARTINEZ V. STATE, 129 SW3d 101, 103 (Tex Crim App 2004). THE TRIAL COURT'S DENIAL THEREOF, TO AVOID A MULTIPLE PUNISHMENT AFFLICTION FROM ITS CONJUNCTIVE INDICTMENT CONSTITUTES CAUSE AND DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF THE LAW IS PREJUDICE PER SE.

THE TWO SUPPOSED 'DIFFERING METHODS' ARE ONE ACT. THIS MULTIPLE-PUNISHMENT ERROR CAUSED AMBIGUITY AND INFECTED THE JURY WITH INTENTIONAL BIAS AND IS UNCONSTITUTIONAL IN ITS EQUAL PROTECTION DUTY.

"A MULTIPLE PUNISHMENTS CLAIM CAN ARISE ... (1) THE LESSER-INCLUDED OFFENSE CONTEXT, IN WHICH THE SAME CONDUCT IS PUNISHED TWICE ..."

LANGS V. STATE, 183 SW 3d 680, 682 (TEX. CRIM. APP. 2006).

"IF EVIDENCE FROM ANY SOURCE RAISES THE ISSUE OF A LESSER-INCLUDED OFFENSE, THE CHARGE MUST BE GIVEN. A DEFENDANT'S TESTIMONY ALONE IS SUFFICIENT TO RAISE THE ISSUE."

BELL V. STATE, 693 SW 2d 434, 442 (TEX CRIM APP 1985).

- 61.

"FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE, MADE
ENFORCEABLE AGAINST THE STATES BY THE DUE PROCESS
CLAUSE OF THE FOURTEENTH AMENDMENT."
BENTON V. MD , 89 S.CT. 2056, 2062.
"IT IS ALSO SETTLED THAT THE CLAUSE PROVIDE THREE
SEPARATE PROTECTIONS FOR CRIMINAL DEFENDANT ; ... AND
AGAINST MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE."
HALPER , 109 S. CT 1892, 1897.
HAD THE TRIAL COURT JUDGE CONSOLIDATED THE
PARAGRAPHS BY INCLUDING BOTH PARAGRAPHS INTO
ONE CHARGE TO THE JURY THERE WOULD BE NO
DOUBLE JEOPARDY.
"NO PERSON FOR THE SAME OFFENSE SHALL BE TWICE
PUT IN JEOPARDY OF LIFE OR LIBERTY ..."
TEX. CODE OF CRIM. PROC. ART. 1.10.
THE CONJUNCTIVE INDICTMENT DETERMINED THE
DEFINITIONS OF THE CULPABLE MENTAL STATES
WHICH IN TURN AFFECTED THE DEFENSE OF
MISTAKE - OF - FACT.

62.

ARGUMENT 3: THE DEFENDANT'S PRO SE MOTION IN
LIMINE (cert/serv 10-24-07; AND 1-11-08); AND TRIAL COUNSEL'S
MOTION IN LIMINE WERE DENIED BY TRIAL COURT JUDGE
PHILIP A. KAZEN, JR. TO SHOWCASE A MISDEMEANOR
"OFFENSE" THAT WAS ACTUALLY AN ACTION TO CURTAIL
A THREAT TO DEFENDANT'S STEP-CHILD. THE OWNER
OF THE THREATENING, FERAL DOG TESTIFIED AT THE
TRIAL FOR 'CRUELTY TO ANIMALS' OVER TEN YEARS
AGO, UNDER OATH, "HE (THE DOG) HAS ONLY BEEN IN
THREE OTHER FIGHTS AND KILLED THREE OTHER DOGS."
HAD THE JUDGE GRANTED SAID MOTIONS, OR HELD A HEARING
TO RESOLVE THE STATE'S OVERSTEPPING OF TEX. RULES OF
EVIDENCE RULE 609 (a) (b), "SHALL BE ADMITTED ... ONLY
IF THE CRIME WAS A FELONY ... (b) ... NOT ADMISSIBLE IF A
PERIOD OF MORE THAN TEN YEARS HAS ELAPSED ..."; THE
DEFENDANT COULD HAVE TESTIFIED HE AND HIS STEP-SON,
CHARLES THOMAS STEPHENS WERE IN ROUTE TO A
BOY SCOUT MEETING AT EARLY DARK, WHEN CHARLES THOMAS
LEFT VEHICLE TO OPEN A GATE ON PRIVATE PROPERTY
WHEN A FERAL DOG THREATENED HIM, SO THAT HE GOT
BACK IN THE CAR SCARED. THE DEFENDANT GOT OUT OF
THE CAR AND THE VICIOUS DOG WAS STILL OBSTRUCTING
THE PATH. DEFENDANT OPENED HIS TRUNK, GOT OUT
HIS .22 RIFLE, LOADED IT, AND SHOT THE FERAL DOG
TWICE, AND LEFT IT FOR DEAD. THE DEFENDANT
WOULD HAVE REPEATED THE DOG OWNER'S TESTIMONY AND
IF SEARCH BE MADE; IT WOULD BE ESTABLISHED THAT
OVER TEN YEARS AGO THE DEFENDANT SHOT A VICIOUS
DOG WHO WAS THREATENING HIS STEP-SON, CHARLES
THOMAS STEPHENS, AND HIMSELF.
THE DEFENDANT'S PRO SE OBJECTION AT TRIAL IS RECORDED
AS, "YOUR HONOR, I OBJECT TO THIS (DEFENSE)
ATTORNEY, I OBJECT TO THE PROSECUTION; AND I
OBJECT TO THIS WHOLE TRIAL."
"... MAY LODGE A VALID OBJECTION ... AT ONE TIME ..."
MACK V. STATE, 872 SW 2d 36, 38 (1994).

ARGUMENT 4: TRIAL COUNSEL, J. MOORE REPEATEDLY FAILED TO QUESTION THE DEFENDANT IN A MANNER THAT WOULD ALLOW HIS ELABORATION OF THE CIRCUMSTANCE SO THE JURY COULD UNDERSTAND HIS MOTIVE. THE DEFENDANT'S MOTIVE IN THE OVER-TEN-YEAR-LAPSED EXTRANEOUS, NON-FELONY OFFENSE WAS TO PROTECT HIS CHILD FROM A VICIOUS DOG, AT EARLY DARK, WEARING NO COLLAR, WHOSE OWNER WAS NOWHERE IN SIGHT FOR HUNDREDS OF YARDS. TRIAL COUNSEL'S FAILURE TO DEVELOP THE MOTIVE BEHIND THE DEFENDANT'S SHOOTING SAID FERAL DOG CONSTITUTES CAUSE AND DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL IS PREJUDICE PER SE.

"A DEFENDANT HAS THE RIGHT TO CONTROVERT THE FACTS UPON WHICH STATE INTENDS TO RELY, AND THAT RIGHT INCLUDES CLAIMING THAT EVENTS UNFOLDED IN A WAY DIFFERENT THAN THE STATE HAS ALLEGED."
BUFKIN V. STATE, 207 SW 3d 779 (TEX. CRM. APP 2006).

"THE DEFENDANT REQUIRES THE GUIDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDING AGAINST HIM. WITHOUT IT, THOUGH HE BE NOT GUILTY, HE FACES THE DANGER OF CONVICTION BECAUSE HE DOES NOT KNOW HOW TO ESTABLISH HIS INNOCENCE. EFFECTIVE TRIAL COUNSEL PRESERVES CLAIMS TO BE CONSIDERED ON APPEAL."
MARTINEZ, 132 S. CT. 1309, 1318
TREVINO, 133 S. CT. 1911 (APPLIES MARTINEZ, SUPRA, TO TEXAS).

THE OWNER OF SAID DOG TESTIFIED AT THE TRIAL FOR 'CRUELTY TO ANIMALS', "HE (THE DOG) HAS ONLY BEEN IN THREE OTHER FIGHTS, AND KILLED THREE OTHER DOGS." HAD THE DEFENDANT KNOWN OF STATE'S USE OF SAID 'EXTRANEOUS' (NON-ESSENTIAL, IRREVELANT) EXHIBITION, DEFENSE COULD HAVE CALLED CHARLES THOMAS STEPHENS, WHO IS NOW OVER THIRTY YEARS OLD, AS A CORROBORATING WITNESS.

ARGUMENT 5: THE DEFENDANT FILED MOTION TO DISMISS APPOINTED COUNSEL (cert/serv 12-23-08) AND AMENDMENT THERETO (cert/serv 12-29-08). TRIAL COUNSEL FILED HIS MOTION TO WITHDRAW (cert/serv 12-24-08).

"A PUBLIC DEFENDER MAY REFUSE AN APPOINTMENT UNDER ARTICLE 26.04 (e) IF: (1) A CONFLICT-OF-INTEREST EXISTS;..." TEX. C.C.P. ART. 26.0444 (J). SEE RULES OF PROF. CONDUCT, RULE 106 (b) (1), (2). PRIOR TO THE SAID HEARING [MOTION TO WITHDRAW], THE DEFENDANT WAS STRIPSEARCHED MULTIPLE TIMES, AT ONE OF WHICH HIS LEGAL NOTES AND MOTIONS WERE CONFISCATED. DEFENDANT'S REQUESTS FOR HIS TEXAS RULES OF EVIDENCE, RULE 612 WRITINGS WERE DENIED.

"WE HOLD THAT THE WRITINGS ARE SUBSTANTIAL." DE LA ROSA V. STATE, 901 SW 2d 495, 498 (Tex. App. S.A. 1997). THE DEFENDANT, ALEX S. CRANK, II, IS PHYSICALLY DISABLED FROM A "CLOSE-RANGE SHOTGUN BLAST." BROOKS ARMY MEDICAL CENTER. THE DEFENDANT IS COMPETENT, NEVERTHELESS, SLOW OF SPEECH FROM A 10-DAY COMA HE SUFFERED IN ANNO DOMINI 1978 — A HEAD-ON VEHICLE COLLISION WITH AN UNDOCUMENTED IMMIGRANT, WHICH KILLED HIS 2-YEAR-YOUNGER BROTHER, JOHN E. CRANK (GOD REST HIS SOUL).

"REQUIRES PRODUCTION OF MATERIAL USED TO REFRESH THE WITNESS' MEMORY DURING ANY HEARING..." DAVIS V. STATE, 93 SW 3d 664, 669 (Tex App Texarkana 2002). THIS CONFISCATION AND DENIAL IS UNCONSTITUTIONAL PREJUDICE, WHEREBY DEFENDANT WAS FORCED TO PROCEED WITH SAID HEARING RECORDLESS. THE HEARING JUDGE PAT PRIEST CONCENTRATED HIS QUESTIONING ON THE DEFENDANT, WHO RELIED ON COMPETENT COUNSEL; AND HIS SAID FILED PRO SE MOTIONS, WHICH THE COURT, THE D.A., AND MR. MOORE ALL, EACH HAD COPIES OF. HOWEVER, THE DISABLED DEFENDANT DID NOT HAVE ANY OF HIS WRITINGS OR RECORDS WITH WHICH TO REFRESH HIS MEMORY AT THE HEARING (2-09-09).

TRIAL COUNSEL, J. MOORE, WAS ETHICALLY
OBLIGATED TO REFUSE TO REPRESENT ALEX
S. CRANK, II, WHEN THE ATTORNEY/CLIENT
CONFLICT - OF - INTEREST REMAINED
UNRESOLVED.
"UNLESS PERMITTED TO WITHDRAW, THE TRIAL
COURT ATTORNEY HAS THE DUTY TO
FULLY ADVISE CLIENT..."
WARD V. STATE, 740 SW 2d 794 (TEX. CRIM APP. (1987).

ARGUMENT 6: TRIAL COUNSEL'S FAILURE TO OBTAIN REQUESTED WITNESSES PREJUDICED THE JURY AGAINST DEFENDANT. See MELENDEZ-DIAL V. MASS., 129 S.CT. 2527. TRIAL COUNSEL'S REPEATED FAILURE TO OBLIGE THE DEFENDANT'S REQUEST FOR OBJECTION REVEALS THE DEPTH OF THE ONGOING ATTORNEY/CLIENT CONFLICT-OF-INTEREST. See CRAWFORD V. WASHINGTON, 124 S.CT. 1354.

"THE DEFENDANT REQUIRES THE GUEDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDINGS AGAINST HIM, WITHOUT IT, THOUGH HE BE NOT GUILTY, HE FACES THE DANGER OF CONVICTION BECAUSE HE DOES NOT KNOW HOW TO ESTABLISH HIS INNOCENCE." MARTINEZ, 132 S.CT. 1309, 1318. TREVINO "APPLIES MARTINEZ, SUPRA, TO TEXAS." TREVINO, 133 S.CT. 1911.

TRIAL COUNSEL'S REPEATED FAILURE TO CONFER WITH OR CROSS-EXAMINE DEFENDANT INCLUDE: THE STATE'S EXHIBIT OF PESTICIDE-CONTAMINATED SHIRT (V.T.C.A. AGRICULTURE CODE § 76.112 PERSONAL PROTECTIVE EQUIPMENT); PROHIBITION OF ARREST REPORT, EMERGENCY 911 CALL FOR AMBULANCE, HEARINGS AND TRIAL TRANSCRIPTS, ALL FIVE .38 SPECIAL CARTRIDGES FOR DEFENDANT'S WEAPON; MOTIVE BEHIND EXTRANEOUS OFFENSE; AND FAILURE TO INTRODUCE AND DEVELOP THE MOTIVE BEHIND THIS INSTANT CASE CONSTITUTE INEFFECTIVE ASSISTANCE OF COUNSEL, A CONSTITUTIONAL VIOLATION OF MAGNITUDE SIGNIFICANCE.

"TRIAL COUNSEL'S FAILURE TO RAISE EXCULPATORY EVIDENCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL." BANKS V. REYNOLDS, 54 F.3d 1508, 1514 (10th CIR. 1995).

"ATTORNEY'S DEFICIENT PERFORMANCE AFFECTED THE OUTCOME OF THE CASE." STRICKLAND V. WASH., 104 S.CT. 2052 (1984).

"RELIEF GRANTED FOR INEFFECTIVE ASSISTANCE WHEN ENTIRE PROCEEDING AS A WHOLE WAS FUNDAMENTALLY UNFAIR." PASSMORE V. ESTELLE, 607 F.2d 662 (5th CIR. 1979).

DEFENDANT WAS FORCED TO OBJECT PRO SE SEVERAL TIMES THROUGHOUT THE TRIAL WHEN ATTORNEY REFUSED TO : DURING THE SHERIFF'S TESTIMONY, "YOU'RE A DAMN LIAR"; OF PROSECUTION'S FALSE ACCUSATION OF STALKING, "YOU'RE WRONG"; DURING N. CRANK'S TESTIMONY, "YOUR HONOR, I OBJECT"; AND AT THE VERY END OF TRIAL, "YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY, I OBJECT TO THE PROSECUTION, AND I OBJECT TO THIS WHOLE TRIAL." "... MAY LODGE A VALID OBJECTION TO ALL THE OFFERED TESTIMONY ..." MACK V. STATE, 872 SW 2d 36, 38 (1994). "TRIAL COUNSEL'S FAILURE TO OBJECT DESPITE DEFENDANT'S OBJECTION CONSTITUTES CAUSE AND INEFFECTIVE ASSISTANCE OF COUNSEL IS PREJUDICE PER SE."

GRAY V. LYNN, 6 F. 3d 265 (5th CIR. 1993).

ARGUMENT 7: TRIAL COUNSEL'S FAILURE TO OBJECT TO ERRONEOUS, AMBIGUOUS, AND EXCLUDED JURY CHARGES AFFECTED THE OUTCOME OF THE JURY TRIAL BY BIAS. THE EVIDENCE OF SELF-DEFENSE WARRANTED A TOKEN JURY CHARGE [AFFIRMATIVE SELF-DEFENSE]. TRIAL COUNSEL'S CONTEMPT FOR THE DEFENDANT WAS EVIDENT TO THE JURY AND DETERMINED THEIR BIAS ACCORDINGLY.

"A DEFENDANT HAS A RIGHT TO AN INSTRUCTION ON ANY DEFENSIVE ISSUE RAISED BY THE EVIDENCE, WHETHER THAT EVIDENCE IS WEAK OR STRONG, UNIMPEACHED OR CONTRADICTED, AND REGARDLESS WHETHER THE TRIAL COURT FINDS THE DEFENSE CREDIBLE."

TORRES V. STATE, 75 SW 3d 712, 714 (TexApp H. [14th] 1999).

ALTHOUGH TRIAL COUNSEL REQUESTED THE STATE TO ELECT WHICH PARAGRAPH IT WOULD PROCEED UPON AT TRIAL, HE FAILED TO FILE A PRE-TRIAL MOTION TO QUASH. THIS STRATEGY PITTED A LONE SELF-DEFENSE INSTRUCTION AGAINST A MURDER CHARGE ON EITHER SIDE, MISLEADING THE JURY TO NULLIFY ONE MURDER CHARGE, BUT EXPOSING YET ANOTHER MURDER CHARGE.

"IF INDICTMENT ALLEGES DIFFERING METHODS IN THE CONJUNCTIVE, THE JURY MAY PROPERLY BE CHARGED IN THE DISJUNCTIVE."

MARTINEZ V. STATE, 129 SW 3d 101, 103 (TexCrimApp 2004).

"AND IN CONSIDERATION OF SUCH CIRCUMSTANCES, YOU SHOULD PLACE YOURSELVES IN THE DEFENDANT'S POSITION AT THAT TIME AND VIEW THEM FROM DEFENDANT'S STANDPOINT ALONE."

REAVES V. STATE, 970 SW 2d 111 (TexApp DALLAS 1998).

"DEFENSIVE ISSUE WARRANTING A JURY INSTRUCTION MAY BE RAISED SOLELY BY THE DEFENDANT'S TESTIMONY."

V.T.CA. PENAL CODE § 6.01 (a).

"WHEN TRIAL COURT UNDERTAKES TO CHARGE JURY ON SELF-DEFENSE, ANY FLAW IN CHARGE AMOUNTS TO 'ERROR IN CHARGE'."

PARSONS V. STATE, 191 SW 3d 862 (TexApp WACO 2006).

69.

"A DEFENDANT IS ENTITLED TO A JURY INSTRUCTION ON THE ISSUE OF THE VOLUNTARINESS OF HIS ACTS WHEN WARRANTED BY THE EVIDENCE ... NECESSARY ONLY IF THE DEFENDANT ADMITS COMMITTING THE ACT CHARGED AND SEEKS TO ABSOLVE HIMSELF FROM CRIMINAL RESPONSIBILITY FOR ENGAGING IN THAT CONDUCT."

ELMORE V. STATE, 257 SW 3d 257 (Tex App H. [1st] 2008).

"THE DEFENDANT REQUIRES THE GUIDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDINGS ... BECAUSE HE DOES NOT KNOW HOW TO ESTABLISH HIS INNOCENCE."

MARTINEZ, 132 S.CT. 1309, 1318.

TREVINO "APPLIES MARTINEZ, SUPRA, TO TEXAS."

TREVINO, 133 S.CT. 1911.

"TRIAL COUNSEL'S FAILURE TO OBJECT DESPITE DEFENDANT'S OBJECTION CONSTITUTES CAUSE AND INEFFECTIVE ASSISTANCE OF COUNSEL IS PREJUDICE PER SE."

GRAY V. LYNN, 6 F. 3d 265 (5th CIR. 1993).

"ARTICLE 36.14 (V.A.C.C.P.) PLACES THE LEGAL DUTY AND RESPONSIBILITY ON THE TRIAL JUDGE TO PREPARE FOR A JURY A PROPER AND CORRECT CHARGE ON THE LAW, AND THE LAW AS MAY BE APPLIED TO THE FACTS ADDUCED. THIS IS A LEGAL DUTY WHICH MAY NOT BE DELEGATED TO THE ATTORNEYS FOR THE RESPECTIVE PARTIES ... OR ANYONE ELSE FOR THAT MATTER."

POSEY V. STATE, 966 SW 2d 57, 69 (Tex. Crim App. 1998).

"THE JUDGE MUST DELIVER A CHARGE EVEN IF THE PARTIES EXPRESSLY WAIVE IT."

DOYLE V. STATE, 631 SW 2d 732, 738 (Tex Crim App 1982).

THE DEFENDANT RAISED THE ISSUE OF NECESSITY AS A V.T.C.A. AGRICULTURE CODE § 76.112 LICENSED PESTICIDE APPLICATOR IN COMMAND, LOSING COMMUNICATION WITH THE PICKUP DRIVER (PATIENT, DECEASED, GOD REST HIS SOUL) DESPITE BANGING ON THE GLASS OF THE DRIVER'S DOOR WITH A GARDEN HOE AND HAVING TO DISCHARGE HIS WEAPON FOR SUFFICIENT NOISE TO ALERT THE PICKUP DRIVER TO STOP THE DANGEROUSLY DRIVEN, CHEMICALLY-LADEN PICKUP.

ALSO, NECESSITY DROVE THE DEFENDANT TO KNOCK THE PATIENT'S WEAPON FROM ONE, UNFORTUNATELY NOT BOTH, OF HIS HANDS.

THIS INCIDENT BEING ALSO A CONCURRENT CAUSATION CIRCUMSTANCE, OR INTERVENING ACT.

A JURY INSTRUCTION FOR MISTAKE-OF-FACT WAS WARRANTED BY DEFENDANT'S NOT KNOWING WHETHER THE AMMUNITION IN PATIENT'S WEAPON WAS CHAMBERED OR NOT. TRIAL TESTIMONY OF T. CRANK THAT THE PATIENT READILY CARRIED SAID WEAPON AND THAT SUCH IS A FUNCTIONING FIREARM BY HIS RECENT DISCHARGE OF SAME AT A PREDATOR ON RANCH.

APPARENT DANGER JURY INSTRUCTION WAS WARRANTED BY DEFENDANT'S TESTIMONY OF BEING THREATENED TWICE BEFORE BY PATIENT, ONCE WITH SAID WEAPON, AND ONCE WITH A PISTOL SHOT.

TRIAL TESTIMONY OF D. FRANCIS SHOWED PATIENT TO HAVE THE VIOLENT CHARACTERISTIC OF "BEING A BULLY TO HIS EMPLOYEES."

DEADLY FORCE IN DEFENSE OF PERSON; AND, PROTECTION OF LIFE OR HEALTH WERE BOTH WARRANTED JURY INSTRUCTIONS BY DEFENDANT'S TRIAL TESTIMONY OF "BEING IN FEAR FOR MY LIFE."

Argument 8    Defense counsel not only failed to object to the prosecution's repeated misappropriation of the standard of proof required, but participated in the open-air, showy, pit-pats of appellate-level and trial-level burdens of proof, misleading the jury to confusion. The criminal standard of 'proof beyond a reasonable doubt' is a bedrock principle.

"Its basic mistake lies in the belief that mere fact that close cases can be envisioned renders a statute vague. That is not so. Close cases can be imagined under virtually any statute. The problem that poses is addressed, not by the doctrine of vagueness, but by the requirement of proof beyond a reasonable doubt." U.S. v. Williams, 128 S.Ct. 1830 (2008).

See Re Winship, 90 S.Ct. 1068 (1970); Jackson, 99 S.Ct. at 2788-89; and, Sterner, 767 S.W. 2d at 690.

Defendant's objections were summed up by his, "Your Honor, I object to this (defense) attorney, I object to the prosecution, and I object to this whole trial" at the very ending of the trial.

"The Sixth Amendment ... prevents the state from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance." Cuyler v. Sullivan, 100 S.Ct. 1708 (1980).

72.

ARGUMENT 9 : "DEFENSE COUNSEL HAVE AN ETHICAL OBLIGATION TO AVOID CONFLICTING REPRESENTATIONS AND TO ADVISE THE COURT PROMPTLY WHEN A CONFLICT-OF-INTEREST ARISES DURING THE COURSE OF TRIAL." A.B.A. CODE OF PROFESSIONAL RESPONSIBILITY DR 5-105, EC 5-15 (1976); ABA PROJECT/ STANDARDS CRIMINAL JUSTICE DEFENSE FUNCTION § 3.5 (b) (1971).

"TRIAL COUNSEL'S FAILURE TO OBJECT DESPITE DEFENDANT'S OBJECTION CONSTITUTES CAUSE AND INEFFECTIVE ASSISTANCE OF COUNSEL IS PREJUDICE PER SE,"

GRAY V. LYNN, 6 F. 3d 265 (5th CIR. 1993).

ARGUMENT II: ACT AND INTENT ARE ESSENTIAL ELEMENTS OF A CRIME. UNLESS THE APPROPRIATE INTENT IS PROVED IN EACH CASE, THE ACCUSED CANNOT BE CONVICTED. INTENT MUST BE DISTINGUISHED FROM MOTIVE. IN ITS LEGAL SENSE, INTENT IS THE PURPOSE TO USE A PARTICULAR MEANS FOR A CERTAIN RESULT. MOTIVE IS THE REASON THAT LEADS THE MIND TO DESIRE THAT RESULT. TRIAL COUNSEL'S FAILURE TO INTRODUCE AND DEVELOP MOTIVE BEHIND THE SHOOTING WAS ERROR OF CONSTITUTIONAL MAGNITUDE. HE DID INSTEAD, HOWEVER, FOCUS HIS DEFENSE ON THE HOSPITAL'S MISTAKE. PRE-TRIAL, TRIAL ATTORNEY TOLD THE DEFENDANT, "IF YOU PLEA NOT-GUILTY-SELF-DEFENSE YOU WILL GET NINETY-NINE YEARS." J. MOORE'S CORROBORATION WITH THE STATE INSTEAD OF ADVOCATING FOR THE DEFENDANT SHOWED CAUSE AND INEFFECTIVE ASSISTANCE OF COUNSEL IS PREJUDICE PER SE. THE DANGER WAS REAL AND IMMINENT OR AS SUCH WOULD APPEAR TO A REASONABLE PERSON TO BE REAL TO JUSTIFY KILLING IN SELF-DEFENSE, HOWEVER, THE PATIENT WAS ALIVE AND SITTING UP WHEN DEFENDANT LAST SAW HIM, THOUGH VERY THIRSTY. IT WAS A HOT, HUMID DAY. THE DEFENDANT WAS SOAKING WET FROM SWEAT, FROM HIS HAIR TO HIS SOCKS.

THE DEFENDANT'S MOTIVE WAS TO SAVE HIS OWN LIFE.

74.

ARGUMENT 12: TRIAL COUNSEL'S FAILURE TO QUESTION THE SHERIFF TWO SIMPLE QUESTIONS REFLECT THE STRUGGLE THE DEFENDANT HAD FOR EFFECTIVE COUNSEL. HAD COUNSEL FURTHER CROSS-EXAMINED SHERIFF FOR THE DETAILS OF WHY IT TOOK 3 HOURS FROM DEFENDANT'S EMERGENCY 911 CALL TO GET THE PATIENT TO A HOSPITAL THE EVIDENCE WOULD BE CLEAR.

"COMPULSORY PROCESS FOR OBTAINING WITNESSES IN DEFENDANT'S FAVOR."

MELENDEZ-DIAL V. MASS., 129 S.CT. 2527 (2009).

THE LONE "SURVIVAL" PHOTOGRAPH OF THE BARE-SHIRTED PATIENT SITTING UP UNASSISTED, LEANING ON ONE ARM, IN THE PROSECUTION'S AUTOPSY SLIDE SHOW DURING TRIAL PRESENT THE UPRIGHT, ALERT PATIENT APPARENTLY BEFORE THE SHERIFF'S INTERROGATION. THE SHERIFF AND THE TRANSPORT PILOT BOTH ARE GUILTY OF NEGLIGENT HOMOCIDE FOR CONTRIBUTING TO PATIENT'S DEATH BY INFLICTING WOUNDS AND CAUSING INJURIES THAT TOGETHER END IN DEATH. TRIAL COUNSEL, J. MOORE'S FAILURE TO CROSS-EXAMINE THE PILOT FOR THE NECESSITY OF THE FAILED EMERGENCY SURGERY [INTUBATION] ABOARD HIS HELICOPTER ON A U.S. HIGHWAY WITH SOUTH-BOUND TRAFFIC STOPPED FOR MILES BACK; WHEN THE PATIENT HAD BEEN BREATHING FOR HOURS WITHOUT SAID SURGERY, AND, IN FACT, CONTINUED TO BREATHE UNASSISTED AFTER THE BLOODY, FAILURE OF INTUBATION.

75.

ARGUMENT 14: "WE AGREE THAT THE TRIAL COURT'S RULING EXCLUDING THE EVIDENCE OF THE 911 (CALL) CONVERSATION WAS AN ABUSE OF DISCRETION."
WALTERS V. STATE, 247 S.W. 3d 204, 205 (2007) AT 220.
THE LATE ALEX CRANK, PATIENT, DECEASED (GOD REST HIS SOUL) THREATENED DEFENDANT BOTH VERBALLY AND PHYSICALLY WITH HIS WEAPON. DEFENDANT'S SWORN TESTIMONY AS TO THIS NOT BEING THE FIRST TIME SAID WEAPON WAS USED THREATENINGLY AGAINST DEFENDANT, NOR WAS THIS THE ONLY WEAPON PATIENT USED TO THREATEN HIM WITH. IN BALANCE, DEFENDANT AND HIS DAD, THE LATE ALEX CRANK (THE PATIENT WHO DIED) SAFELY WORKED AND SAFELY HUNTED AND FISHED TOGETHER OVER FORTY YEARS AND MISTAKES, OR ACCIDENTS DO OCCUR.
"VERDICT OF JURY ALWAYS UPHELD WHEN THERE IS EVIDENCE TO SUPPORT IT, BUT IF THE VERDICT IS AGAINST THE UNCONTROVERTED TESTIMONY OF SELF-DEFENSE DUTY OF THE COURT IS TO SET IT ASIDE."
SAXTON V. STATE, 804 S.W. 2d 910 (Tex. Crim. App. 1991).

7C.

ARGUMENT 15: DEFENDANT'S SUBSTANTIAL RIGHT TO LEGAL WRITINGS: HIS MOTION TO DISMISS APPOINTED COUNSEL (cert/serv 12-23-08); HIS AMENDMENT THERETO (cert/serv. 12-29-08); AND HIS NOTES AND PEN — WAS VIOLATED BY THE STATE'S CONFISCATION AND DENIAL TO RETURN THEM BEFORE HEARING; FORCING THE RECORDLESS DEFENDANT TO PROCEED TO PRE-TRIAL HEARING FOR MOTION TO WITHDRAW. DEFENDANT WAS THEN REQUIRED TO TESTIFY THEREAT, AGAINST THE TEXAS RULES OF EVIDENCE, RULE 612.

"...THE RIGHT IS SUBSTANTIAL."
DE LA ROSA V. STATE, 961 S.W. 2d 495, 498 (Tex. App. S.A. 1997).

"REQUIRES PRODUCTION OF MATERIAL USED TO REFRESH THE WITNESS' MEMORY DURING ANY HEARING..."
DAVES V. STATE, 93 SW 3d 664, 669 (Tex App Texarkana 2002).

"WE AGREE THAT THE TRIAL COURT'S RULING EXCLUDING THE EVIDENCE OF THE 911 (CALL) CONVERSATION WAS AN ABUSE OF DISCRETION."
WALTERS V. STATE, 247 S.W 3d 204, 205 (2007) AT 220.

ARGUMENT 17: THE TRIAL JUDGE VIOLATED DEFENDANT'S
ESSENTIAL RIGHTS TO ACCESS TO THE COURTS, DUE PROCESS,
AND EQUAL PROTECTION OF THE LAW, AND FREEDOM OF
SPEECH BY DEPRIVING HIS TESTIMONY ON THE
WITNESS STAND. JUDGE KAZEN, JR.'S THREATS OF
"GAGGING YOUR TESTIMONY" AND "ANSWER YES
OR NO" EXPRESSED BIAS AND PREJUDICE.

"(2) A JUDGE SHALL BE FAITHFUL TO THE LAW AND SHALL
MAINTAIN PROFESSIONAL COMPETENCE IN IT. A JUDGE
SHALL NOT BE SWAYED BY PARTISAN INTERESTS, PUBLIC
CLAMOR, OR FEAR OF CRITICISM.
(5) A JUDGE SHALL PERFORM JUDICIAL DUTIES WITHOUT
BIAS OR PREJUDICE."
CODE OF JUDICIAL CONDUCT, CANON 3(B), (2), (5).
"... IN EXERCISING ITS DISCRETION, THE TRIAL COURT
MUST BE ZEALOUS TO PROTECT THE RIGHTS OF AN ACCUSED."
WAINWRIGHT V. WITT, 105 S.CT. 844.
TRIAL JUDGE FAILED TO RULE ON DEFENDANT'S PRO SE
MOTION FOR NEW TRIAL (cert/serv 3-25-09).
"WHEN AN ACCUSED PRESENTS A MOTION FOR NEW TRIAL ...
THE JUDGE ABUSES HIS DISCRETION IN FAILING TO HOLD
AN EVIDENTIARY HEARING ..."
KING V. STATE, 29 SW 3d 556 (TEX CRIM APP, 2000);
"FAILURE TO RULE ...
LIGHT V. STATE, 155 SW 3d 104, 105 (TEX CRIM. APP. 2000).
"MEANINGFUL ACCESS TO THE COURTS IS A TOUCHSTONE."
ROSS V. MOFFITT, 94 S.CT. AT 2447.
"STATE IS REQUIRED TO HOLD HEARING FOR DISPOSITION OF
A MOTION."
STATE V. PILKINTON, 7 SW 3d 291, 293 (TEX APP. BEAUMONT 1999).
"INCONSISTENT WITH THE RUDIMENTARY DEMANDS OF JUSTICE
AS IN THE OBTAINING OF A LIKE RESULT BY INTIMIDATION."
BRADY V. MD, 83 S.CT. 1194 (1963).
AT THE VERY ENDING OF THE TRIAL DEFENDANT OBJECTED,
"YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY) I
OBJECT TO THE PROSECUTION; AND I OBJECT TO
THIS WHOLE TRIAL." SEE MACK, 872 SW 2d 36, 38 (1994).

78.

ARGUMENT 18: TRIAL COURT BALIFFS' THREATS AND INTIMIDATION TO DEFENDANT's OBJECTION DENIED HIS ESSENTIAL RIGHTS TO ACCESS TO THE COURTS, DUE PROCESS AND EQUAL PROTECTION OF THE LAW, AND FREEDOM OF SPEECH; AND VIOLATED HIS FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL (JURY) TRIAL.

"...INCONSISTENT WITH THE RUDIMENTARY DEMANDS OF JUSTICE AS IN THE OBTAINING OF A LIKE RESULT BY INTIMIDATION."
BRADY V. MD., 83 S.CT. 1194 (1963).

"DUE PROCESS OF LAW IS INTENDED TO SECURE CITIZENS AGAINST ANY ARBITRARY DEPRIVATION BY THE GOVERNMENT OF RIGHTS RELATING TO LIFE, LIBERTY, OR PROPERTY."
DENT V. VA, 9 S.CT. 231 (1889).

"UPON THE JUDGE OF THE TRIAL RESTS THE DUTY OF SEEING THAT THE TRIAL IS CONDUCTED WITH SOLICITUDE FOR THE ESSENTIAL RIGHTS OF THE ACCUSED."
GLASSER V. U.S., 62 S.CT. 457, 465 (1942).

"...MEANINGFUL ACCESS TO THE COURTS IS A TOUCHSTONE."
ROSS V. MOFFITT, 94 S.CT. AT 2447.

DEFENDANT LODGED A VALID OBJECTION TO ALL THE OFFERED TESTIMONY AT THE VERY ENDING OF THE TRIAL THUSLY,
"YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY, I OBJECT TO THE PROSECUTION, AND I OBJECT TO THIS WHOLE TRIAL."
SEE MACK V. STATE, 872 SW 2d 36, 38, (1994).

79.

ARGUMENT 19: "(a) IN ALL PROSECUTIONS FOR MURDER, THE STATE OR THE DEFENDANT SHALL BE PERMITTED TO OFFER TESTIMONY AS TO ALL RELEVANT FACTS AND CIRCUMSTANCES SURROUNDING THE KILLING AND THE PREVIOUS RELATIONSHIP EXISTING BETWEEN THE ACCUSED AND THE DECEASED TOGETHER WITH ALL RELEVANT FACTS AND CIRCUMSTANCES GOING TO SHOW THE CONDITION OF THE MIND OF THE (DEFENDANT) ACCUSED AT THE TIME OF THE OFFENSE. (b)(2) RELEVANT EXPERT TESTIMONY REGARDING THE CONDITION OF THE MIND OF THE DEFENDANT AT THE TIME OF THE OFFENSE... INCLUDING..." (HUNTING TOGETHER, GUNS, AND GUN SAFETY). TEX. CODE CRIM. PROC. ART. 38.36 (a)(b)(2).
"WE AGREE THAT THE TRIAL COURT'S RULING EXCLUDING THE EVIDENCE OF THE 911 (CALL) CONVERSATION WAS AN ABUSE OF DISCRETION."
WALTERS V. STATE, 247 SW 3d 204, 205 (2007) AT 220.
JUDGE PHILIP A. KAZEN, JR'S FAILURE TO RULE ON THE DEFENDANT'S MANY PRO SE MOTIONS OUTLINED THE DEFENDANT'S CASE THOROUGHLY.
"BUT YOU MUST REMEMBER, MY FELLOW CITIZENS, THAT ETERNAL VIGILANCE BY THE PEOPLE IS THE PRICE OF LIBERTY, AND THAT YOU MUST PAY THE PRICE IF YOU WISH TO SECURE THE BLESSING."
PRESIDENT ANDREW JACKSON, 1837 FAREWELL ADDRESS.
THE DEFENDANT'S MOTIVE WAS TO SAVE HIS OWN LIFE.

80.

ARGUMENT 20: THE TRIAL JUDGE AND TRIAL COUNSEL INCLUDED THE DEFENDANT ONCE IN THEIR BENCH DISCUSSIONS. THIS WAS TO CONFIRM THE DEFENDANT DID NOT WANT LESSER-INCLUDED OFFENSES INCLUDED. TO THE DEFENDANT, THAT SOUNDED LIKE EXTRA JEOPARDY; MORE CHARGES. THIS IS DEFENDANT'S FIRST JURY TRIAL, OTHER THAN SERVING ON A JURY TRIAL IN THE HONORABLE CAROLYN SPEARS' COURTROOM. TRIAL COUNSEL HAD TOLD DEFENDANT, PRE-TRIAL, "IF YOU PLEA NOT-GUILTY-SELF-DEFENSE YOU'LL GET NINETY-NINE YEARS". TRIAL COUNSEL MISGUIDED THE DEFENDANT THROUGHOUT THE ENTIRE TRIAL, EVEN PLACING AN EMPTY CHAIR BETWEEN THEM THE ENTIRE TRIAL. THE UNRESOLVED CONFLICT-OF-INTEREST PREJUDICED ATTORNEY MOORE'S ADVICE; AND THE ADVISEE, CRANK II, WAS UNCERTAIN WHETHER TO TRUST HIS ADVICE. COUNSEL TOLD DEFENDANT; "I'M PICKING THE JURY", (NO CHOICE); "MY INTERVENING ACT "[THE HOSPITAL'S MISTAKE] (CONCURRENT CAUSATION), (NO OPTION); "I CAN'T OBJECT TO THAT", (NO OPTION); AND THEN TO THE JUDGE, "HE SAYS HE DOESN'T WANT LESSER-INCLUDED INCLUDED"; AND TO DEFENDANT, "IT'S YOUR CHOICE."

"THE 5th AMENDMENT PROTECTIONS FOR THE DEFENDANT FROM BEING THE UNWILLING INSTRUMENT OF HIS/HER OWN CONDEMNATION REMAINS OF VITAL IMPORTANCE."
    119 S. CT. 1307, 1315 (1999).
"IF EVIDENCE FROM ANY SOURCE RAISES THE ISSUE OF A LESSER INCLUDED OFFENSE, THE CHARGE MUST BE GIVEN."
    BELL V. STATE, 693 S.W. 2d 434, 442 (TEX.CREM.APP. 1985).
"UPON THE TRIAL JUDGE RESTS THE DUTY OF SEEING THAT THE TRIAL IS CONDUCTED WITH SOLICITUDE FOR THE ESSENTIAL RIGHTS OF THE ACCUSED...

"... THE TRIAL COURT SHOULD PROTECT THE RIGHT OF AN ACCUSED TO HAVE THE ASSISTANCE OF COUNSEL."

GLASSER V. U.S., 62 S. CT. 457, 465 (1942).

"THE TRIAL COURT'S RULING EXCLUDING THE EVIDENCE OF THE 911 (CALL) CONVERSATION WAS AN ABUSE OF DISCRETION."

WALTERS V. STATE, 247 S.W. 3d 204, 205 (2007) AT 220.

82.

ARGUMENT 21: "THESE RULES ARE HISTORICALLY GROUNDED RIGHTS OF OUR SYSTEM, DEVELOPED TO SAFEGUARD MEN FROM DUBIOUS AND UNJUST CONVICTIONS, WITH RESULTING FORFEITURES OF LIFE, LIBERTY, AND PROPERTY." DAVIS V. U.S., 16 S.CT. 353, 358 (1895).

THE DEFENDANT TESTIFIED OF BEING IN FEAR FOR HIS LIFE, AND OF REFLECTIVELY STRIKING PATIENT'S WEAPON FROM ONE, UNFORTUNATELY NOT BOTH HANDS BEFORE SHOOTING HIM IN THE FACE-TO-FACE STRUGGLE; AND OF PREVIOUS FIREARM THREATS. THE DEFENDANT'S MOTIVE WAS SURVIVAL-TO SAVE HIS OWN LIFE. THE PATIENT'S WEAPON, THE 911 CALL, AND TRIAL TESTIMONY OF: T. CRANK, D. FRANCIS, AND THE DEFENDANT, WHEN JUDGED IN CONSIDERATION WITH THE UNRESOLVED ATTORNEY/CLIENT CONFLICT-OF-INTEREST ARE SUFFICIENT TO SEEK A RULING OF INSUFFICIENT EVIDENCE.

DEFENDANT'S PRO SE MOTION FOR NEW TRIAL (cert/serv. 3-25-09); DEFENDANT'S PRO SE MOTION TO SUPPLEMENT THE RECORD (cert/serv 7-17-09); AND, DEFENDANDANT'S 19-PAGE LETTER TO APPEAL ATTORNEY (9-24-09) DOCUMENT DEFENDANT'S REQUESTS FOR LEGAL AND FACTUAL SUFFICIENCY REVIEW.

"THIS APPELLATE-LEVEL RIGHT TO COUNSEL COMPREHENDS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL." EX PARTE WEBB, 270 SW 3d 108, 111 (Tex Crim App 2008).

..."IT PLACED THE BURDEN ON THE STATE TO SHOW BEYOND A REASONABLE DOUBT THAT APPELLANT WAS NOT ACTING IN SELF-DEFENSE." LUCK V. STATE, 100 S.CT. 2171 (1980).

"CONSTITUTIONAL REQUIREMENT OF SUBSTANTIAL EQUALITY AND FAIR PROCESS CAN ONLY BE ATTAINED WHERE COUNSEL ACTS IN THE ROLE OF AN ACTIVE ADVOCATE." ANDERS V. CA, 87 S.CT. AT 1400.

SEE MARTINEZ, 132 S.CT. 1309, 182 L.Ed 2d AT 282-286. AND SEE TREVINO V. THALER, 133 S.CT. 1911, 185 L.Ed 2d AT 1053-1055.

ARGUMENT 22: THE HONORABLE 8th COURT OF APPEALS OF TEXAS RECOGNIZED ON PAGE 2 OF ITS OPINION #08-09-00109-CR, ISSUED 8-19-11, THE SIGNIFICANT ATTORNEY/CLIENT CONFLICT-OF-INTEREST BETWEEN J. MOORE AND A. CRANK, II.

HOW OR WHY THE MULTITUDE OF APPELLATE COUNSEL/PUBLIC DEFENDERS IGNORED, OVERLOOKED, OR NEGLECTED TO RESEARCH AND CHALLENGE FOR DEFENDANT'S INITIAL REVIEW COLLATERAL PROCEEDINGS IS BEYOND RESPONSE. JUDGE P. PRIEST'S DENIAL OF ATTORNEY J. MOORE'S MOTION TO WITHDRAW CITING CONFLICT-OF-INTEREST ON 2-9-09, AND ATTORNEY MOORE'S INADEQUATE STANCE FOR HIS TEXAS CODE CRIMINAL PROC. ART. 26.0444 (J) RIGHT TO REFUSE APPOINTMENT PRESENT A CONSPIRACY TO PROCEED TO TRIAL WITHOUT EFFECTIVE COUNSEL.

THE STATE'S ABUSE OF TEX. R. EVIDENCE, RULE 612, RIGHT TO WRITINGS, PREVENTED THE DEFENDANT FROM ANY TYPE OF INTELLIGENT CHALLENGE TO SUPPORT HIS PRO SE MOTION TO DISMISS APPOINTED COUNSEL (cert/serv 12-23-08), AND PROVES FURTHER PREJUDICE AGAINST ALEX S. CRANK, II.

APPELLATE ATTORNEYS' FAILURE TO CHALLENGE UNRESOLVED CONFLICT-OF-INTEREST DESPITE: DEFENDANT'S PRO SE MOTION FOR NEW TRIAL (cert/serv 3-25-09); HIS MOTION TO SUPPLEMENT RECORD (cert/serv 7-17-09); AND HIS 19-PAGE LETTER TO APPEAL ATTORNEY 9-24-09 IS ERROR.

"AN APPOINTED ATTORNEY'S ... ERRORS ON APPEAL ... THE SAME WOULD BE TRUE IF THE STATE DID NOT APPOINT AN ATTORNEY FOR THE INITIAL REVIEW COLLATERAL PROCEEDINGS. A PRISONER'S INABILITY TO PRESENT AN INEFFECTIVE ASSISTANCE CLAIM IS OF PARTICULAR CONCERN BECAUSE THE RIGHT TO EFFECTIVE TRIAL COUNSEL IS A BEDROCK PRINCIPLE IN THIS NATION'S JUSTICE SYSTEM."
MARTINEZ, 132 S. CT. 1309, 182 L. Ed 2d AT 282-286.
... TREVINO "APPLIES MARTINEZ, SUPRA, TO TEXAS."
TREVINO V. THALER, 133 S. CT. 1911, 185 L. Ed 2d AT 1053-1055.

ARGUMENT 23: ON 8-19-11, THE HONORABLE 8th COURT OF APPEALS OF TEXAS ISSUED ITS OPINION # 08-09-00109-CR; AND ON PAGE 2 RECOGNIZES A SIGNIFICANT ATTORNEY/CLIENT CONFLICT-OF-INTEREST BETWEEN J. MOORE AND A. CRANK, I, THE FOUR (4) PUBLIC DEFENDERS WHO WERE APPOINTED TO REPRESENT DEFENDANT AT FIVE (5) DIFFERENT STAGES IN HIS DIRECT REVIEW, EACH AND ALL NEGLECTED TO PREPARE AN APPELLANT'S BRIEF WHICH REFLECTED THE INADEQUATE PERFORMANCE OF TRIAL COUNSEL, J. MOORE, DEFENDANT'S PRO SE MOTIONS TO DISMISS AND AMENDMENT THERETO (cert/serv 12-23-08, 12-29-08 RESP.); HIS PRO SE MOTION FOR NEW TRIAL (cert/serv 3-25-09); HIS PRO SE MOTION TO SUPPLEMENT RECORD (cert/serv 7-17-09); AND, HIS 19-PAGE LETTER TO APPEAL ATTORNEY OF GRIEVANCES AGAINST J. MOORE, ERRORS BY COUNSEL AT TRIAL, HIS REFUSAL TO OBJECT DESPITE DEFENDANT'S OBJECTIONS AND NUMEROUS OTHER POTENTIAL ISSUES TO RAISE ON HIS INITIAL REVIEW COLLATERAL PROCEEDING SPECIFY MERITS OF HIS CLAIM TO APPEAL COUNSELS.

APPELLATE COUNSELS' NEGLECT TO CHALLENGE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DESPITE THE OBVIOUS BATTLE DEFENDANT FACED CONSTITUTE INEFFECTIVE ASSISTANCE OF APPEAL COUNSEL.

"THE DEFENDANT REQUIRES THE GUIDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDINGS AGAINST HIM... EFFECTIVE TRIAL COUNSEL PRESERVES CLAIMS TO BE CONSIDERED ON APPEAL"

MARTINEZ, 132 S.CT. 1309, 1318.

"AN APPOINTED ATTORNEY'S ... ERRORS ON APPEAL ... THE SAME WOULD BE TRUE IF THE STATE DID NOT APPOINT AN ATTORNEY... PRISONER'S INABILITY TO PRESENT AN INEFFECTIVE ASSISTANCE CLAIM..."

MARTINEZ, 132 S.CT. 1309, 182 L.Ed 2d AT 282-286.

... TREVINO "APPLIES MARTINEZ (SUPRA) RULING TO TEXAS".

TREVINO V. THALER, 133 S.CT. 1911, 185 L.Ed 2d AT 1053-1055.

85.

TRIAL COUNSEL'S DEFICIENT PERFORMANCE AFFECTED THE OUTCOME OF THE CASE BY:

IGNORED MANY REQUESTED SELECT QUESTIONS TO ASK SPECIFIC WITNESS(ES);

FAILED TO SUBPEONA REQUESTED RELEVANT WITNESSES;

FAILED TO SUBPEONA EMERGENCY 911 CALL TRANSCRIPT;

PREMEDITATED HIS PERSONAL AGENDA FOR DEFENSE STRATEGY, QUOTE, "IF YOU PLEA NOT-GUILTY—SELF-DEFENSE YOU'LL GET NINETY-NINE YEARS";

EXCLUDED DEFENDANT IN JURY SELECTION;

MISAPPLIED INTERVENING ACT (CONCURRENT CAUSATION) FROM AN OUT-OF-CONTROL WORKER TO A HYPOTHETICAL AMBULANCE RIDE WHERE THE DRIVER WRECKS;

MISALLOCATED JURY INSTRUCTIONS;

FAILURE TO QUASH CONJUNCTIVE INDICTMENT;

FAILURE TO DEVELOP DEFENDANT'S ATTEMPT TO DISARM PATIENT;

FAILURE DEVELOP DEFENDANT'S MOTIVE IN SEVERAL CIRCUMSTANCES;

FAILURE TO DEVELOP DEFENDANT'S CONVERSING AND PRAYING WITH PATIENT;

REPEATED FAILURES TO OBJECT;

REPEATED FAILURES TO CONFER WITH DEFENDANT; AND,

FAILURE TO INTRODUCE THE MANY LICENSES AND CERTIFICATIONS OF DEFENDANT.

ARGUMENT 24! THE DEFENDANT COULD HAVE RECEIVED HIS TRANSCRIPT AND PROCEED PRO SE HAD THE APPELLATE COUNSELS FILED AN "ANDERS BRIEF" AND MOTION TO WITHDRAW. INSTEAD, ONE OF THESE FOUR (4) PROFESSIONALS FILED A MOOT-ISSUE BRIEF THAT SCANDALIZED THE APPEALS COURT WITH GRUESOME AND MORBID AUTOPSY PHOTOGRAPHS. ("THERE IS A DUTY TO COMMUNICATE REASONABLY WITH CLIENTS..." (3.01) "A LAWYER SHALL NOT BRING OR DEFEND A PROCEEDING, OR ASSERT OR CONTROVERT AN ISSUE THEREIN, UNLESS THE LAWYER REASONABLY BELIEVES THAT THERE IS A BASIS FOR FOR DOING SO THAT IS NOT FRIVOLOUS." TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT, § 9 ARTICLE X, RULE 1.01 (b)(1); AND RULE 3.01. UNDER THE MOOTNESS DOCTRINE, THE ONE-GROUND, HARMLESS-ERROR APPELLANT'S BRIEF IS FRIVOLOUS. THE ONLY PHOTOGRAPH NOT MENTIONED IN THE APPEALS COURT OPINION # 08-09-00109-CR ON PAGE 4 WAS EXHIBIT 22. THIS MAY VERY WELL BE THE ONLY IMAGE THE DEFENDANT REQUESTED REVIEW OF FROM THE PROSECUTION'S SLIDE SHOW WITH A PROJECTOR/SCREEN. THERE WAS ONE IMAGE ON THE PROSECUTION'S DISPLAY SCREEN SHOWING THE PATIENT BARE-SHIRTED, SITTING UPRIGHT ON THE GROUND UNASSISTED, LEANING ON ONE ARM. IS EXHIBIT 22 THE LONE "SURVIVAL" PHOTOGRAPH?

"THIS APPELLATE-LEVEL RIGHT TO COUNSEL COMPREHENDS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL". EVITTS v. LUCEY, 105 S.CT. 830 (1985); CITING: EX PARTE WEBB, 270 SW 3d 108, 111 (TEX. CRIM APP 2008). THE DEFENDANT'S PRO SE MOTION TO DISMISS APPOINTED COUNSEL (cert/serv 12-23-08); AMENDMENT THERETO (cert/serv 12-29-08); HIS PRO SE MOTION FOR NEW TRIAL (cert/serv 3-25-09); HIS PRO SE MOTION TO SUPPLEMENT RECORD (cert/serv 7-17-09); AND, HIS 19-PAGE LETTER TO APPEAL ATTORNEY

GIVE NUMEROUS EXAMPLES OF TRIAL COUNSEL'S DEFICIENCY ; OF ERRORS AT TRIAL BY TRIAL JUDGE ; AND EVIDENCE WITHHELD AND EVIDENCE NOT INTRODUCED OR DEVELOPED. THE DEFENDANT'S MOTIVE WAS TO SAVE HIS OWN LIFE.

"DECIDING AN APPEAL ON THE SAME BASIS WOULD HAVE THE SAME OBVIOUS - AND CONSTITUTIONALLY FATAL - DEFECT."

DOUGLAS , 83 S. CT, AT 816.

"THE DEFENDANT REQUIRES THE GUIDING HAND OF COUNSEL AT EVERY STEP IN THE PROCEEDINGS AGAINST HIM ... EFFECTIVE TRIAL COUNSEL PRESERVES CLAIMS TO BE CONSIDERED ON APPEAL."

MARTINEZ , 132 S. CT. 1309, 1318.

"AN APPOINTED ATTORNEY'S ... ERRORS ON APPEAL... THE SAME WOULD BE TRUE IF THE STATE DID NOT APPOINT AN ATTORNEY... PRISONER'S INABILITY TO PRESENT AN INEFFECTIVE ASSISTANCE CLAIM ..."

MARTINEZ , 132 S. CT, 1309, 182 L. Ed 2d AT 282-286.

"... TREVINO "APPLIES MARTINEZ (SUPRA) RULING TO TEXAS."

TREVINO V. THALER , 133 S. CT. 1911, 185 L. Ed 2d 1053-1055

ARGUMENT 25: AT THE VERY ENDING OF THE DEFENDANT'S UNCONSTITUTIONAL TRIAL, HE OBJECTED THUSLY, "YOUR HONOR, I OBJECT TO THIS (DEFENSE) ATTORNEY; I OBJECT TO THE PROSECUTION; AND I OBJECT TO THIS WHOLE TRIAL."

"... MAY LODGE A VALID OBJECTION TO ALL THE OFFERED TESTIMONY."

MACK V. STATE, 872 SW 2d 36, 38 (1994).

ON 8-19-11, THE HONORABLE 8th COURT OF APPEALS OF TEXAS ISSUED ITS OPINION #08-09-00109-CR, AND ON PAGE 2 RECOGNIZES A SIGNIFICANT ATTORNEY/CLIENT CONFLICT-OF-INTEREST.

AFOREMENTIONED CONFLICT SHOULD HAVE ALERTED APPEAL COURT OF POSSIBLE CORRUPTION. THE ONE, MOOT-ISSUE GROUND APPELLANT'S BRIEF BY A PROFESSIONAL SHOULD HAVE BEEN RETURNED AS NON-JUSTICIABLE AS PER TEX. RULES APP. PROC. RULE 44.2 (b); AND THE MOOTNESS DOCTRINE.

DEFENDANT'S PRO SE MOTION FOR NEW TRIAL (cert/serv 3-25-09); AND DEFENDANT'S PRO SE MOTION TO SUPPLEMENT RECORD (cert/serv 7-17-09) PROVIDE DETAILED ISSUES THAT REMAIN UNRESOLVED.

"'FACTUAL CONCLUSIVITY CLAUSE - THE APPELLATE FACT JURISDICTION TO ORDER A NEW TRIAL IS EXCERSISED WHEN WITH SOME OBJECTIVE BASIS IN THE RECORD, THAT THE GREAT WEIGHT AND PREPONDERANCE OF THE (ALBEIT LEGALLY SUFFICIENT) EVIDENCE CONTRADICTS THE JURY'S VERDICT."

WATSON V. STATE, 204 S.W. 3d 404, 417

"THE COURT OF APPEALS' FAILURE TO USE THIS STANDARD OF REVIEW WAS ERROR."

SAXTON V. STATE, 804 SW 2d 910 (TEX CRIM APP 1991); CITING: LUCK, 100 S. CT. 2171.

"VERDICT OF JURY ALWAYS UPHELD WHERE THERE IS EVIDENCE TO SUPPORT, BUT IF VERDICT IS AGAINST UNCONTROVERTED TESTIMONY OF SELF-DEFENSE DUTY OF THE COURT IS TO SET IT ASIDE." SAXTON, 804 SW 2d 910 (T.C.A. 1991).

I, ALEX CRANK, II, APPELLANT, BEING PRESENTLY INCARCERATED IN THE POLUNSKY UNIT, POLK COUNTY, TEXAS, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS PETITION FOR DISCRETIONARY REVIEW IS POSTED THIS THE 18th DAY OF MAY, ANNO DOMINI 2015, VIA U.S. MAIL TO THE OFFICE OF THE STATE PROSECUTING ATTORNEY, P.O. BOX 12405, CAPITOL STATION, AUSTIN, TEXAS, 78711.

ALEX S. CRANK, II
T.D.C.J. # 01559591
POLUNSKY UNIT
3872 F.M. 350 SOUTH (TL)
LIVINGSTON, TX 77351

# PRAYER

WHEREFORE, PREMISES CONSIDERED, APPELLANT, ALEX S. CRANK, II, PRAYS THIS HONORABLE COURT CONCLUDES THAT THE OPINION OF THE 8th COURT OF APPEALS WAS ERRONEOUS; AND THE TRIAL HELD IN THE 227th DISTRICT COURT, JUDGE PHILIP A. KAZEN, PRESIDING, WAS UNCONSTITUTIONAL; AND THAT APPELLANT CRANK, II IS ACQUITTED OF CHARGE AND RELEASED FROM PRESENT CUSTODY.

_____

ALEX S. CRANK, II
T.D.C.J. # 01559591

91.

# APPENDIX.

APPLICANT-APPELLANT HEREBY ADOPTS THE HONORABLE EIGHTH COURT OF APPEALS' OPINION #08-09-00109-CR, ISSUED ON AUGUST 19, ANNO DOMINI 2011, AS FULLY SET FORTH AND INCORPORATED INTO THIS PETITION PURSUANT TO TEXAS RULES OF APPELLATE PROCEDURE RULE 9.7.

92.

# INMATE'S DECLARATION

I, ALEX CRANK, II, T.D.C.J. #01559591, AM
THE APPLICANT AND BEING PRESENTLY INCARCERATED
IN THE POLUNSKY UNIT OF THE TEXAS DEPARTMENT
OF CRIMINAL JUSTICE IN POLK COUNTY, TEXAS,
VERIFY AND DECLARE UNDER PENALTY OF PERJURY
THAT, ACCORDING TO MY BELIEF, THE FACTS STATED
IN THE ABOVE AND FOREGOING APPLICATION
ARE TRUE AND CORRECT.

SIGNED ON THIS THE 18th DAY OF MAY,
ANNO DOMINI 2015.


ALEX CRANK, II
T.D.C.J. # 01559591
POLUNSKY UNIT
3872 F.M. 350 SOUTH
LIVINGSTON, TEXAS
77351

93.